UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KENNETH FRIEDMAN,

    Petitioner,

vs.

JACK PALMER, *et al.*,

    Respondents.

3:07-cv-00338-LRH-VPC

ORDER

This action is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by petitioner, a prisoner at Lovelock Correctional Center. By order filed June 11, 2008, the Court directed respondents to file an answer or other response to the petition within thirty days. (Docket #52).

On July 21, 2008, respondents filed a motion for leave to file a motion to dismiss after expiration of time for filing the same. (Docket #59). Concurrently, respondents filed a motion to dismiss. (Docket #60). Good cause appearing, the motion to file after expiration of time is granted and the motion to dismiss is deemed timely filed.

On June 25, 2008, petitioner filed a motion for the appointment of counsel. (Docket #58). By order filed August 27, 2007, this Court previously denied petitioner's motion for counsel. (Docket #20). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801

F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). It does not appear that counsel is justified in this instance. As the Court previously found, the petition on file in this action is well written and sufficiently clear in presenting the issues that petitioner wishes to bring. In addition, the issues are not complex. The motion for appointment of counsel shall be denied.

Finally, on July 29, 2008, petitioner filed a motion for a 30-day extension of time, up to and including August 28, 2008, to file an opposition to respondents' motion to dismiss. (Docket #63). Good cause appearing, the motion is granted.

**IT IS THEREFORE ORDERED** that respondents' motion for leave to file a motion to dismiss after expiration of time for filing the same (Docket #59) is **GRANTED**. The motion to dismiss filed at Docket #60 is deemed timely filed.

**IT IS FURTHER ORDERED** that petitioner's motion for counsel (Docket #58) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion for an extension of time (Docket #63) is **GRANTED. Petitioner's opposition to the motion to dismiss shall be filed on or before August 28, 2008.**

Dated this 4th day of August, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE