# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KENNETH FRIEDMAN,

    Petitioner,

vs.

STATE OF NEVADA, *et al.,*

    Respondents.

3:07-cv-00338-LRH-VPC

ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 11, 2010, this court entered an order appointing the Federal Defender to represent petitioner in this case. (Docket #130.) The Federal Defender filed a notice of appearance on February 10, 2010. (Docket #131.)

Counsel will represent petitioner in all future federal proceedings relating to this matter (including subsequent actions) and appeals therefrom, unless allowed to withdraw. Petitioner and his counsel should pay very close attention to the effect of the one-year statute of limitations applicable to federal habeas corpus petitions pursuant to 28 U.S.C. §2244(d)(1) (part of the Antiterrorism and Effective Death Penalty Act (AEDPA)). In addition, petitioner and his counsel should be aware of the holdings in *Duncan v. Walker,* 533 U.S. 167 (2001)*,* and *Fail v. Hubbard*, 315 F.3d 1059 (9th Cir. 2002). The practical effect of *Duncan* and *Fail* is that the one-year limitations period applicable to all federal habeas corpus petitions will generally not be tolled during the pendency of a federal habeas corpus petition. This means that any subsequent habeas corpus petition filed in this Court -- for example, a petition filed after returning to state court to exhaust any unexhausted claims -- may be

untimely under the applicable statute of limitations, and the time during which this habeas corpus case is pending will not toll or otherwise excuse compliance with that statute.

**IT IS THEREFORE ORDERED** that counsel for petitioner **SHALL** contact petitioner as soon as reasonably possible to: (a) review the procedures applicable in cases under 28 U.S.C. §2254; (b) discuss and explore with petitioner, as fully as possible, the potential grounds for habeas corpus relief in petitioner's case; and (c) advise petitioner that all possible grounds for habeas corpus relief must be raised at this time in this case, and that the failure to do so will likely result in the omitted grounds being barred from future review under the rules regarding abuse of the writ.

**IT IS FURTHER ORDERED** that counsel for respondents **SHALL** make available to counsel for petitioner (photocopying costs at the latter's expense), as soon as reasonably possible, a copy of whatever portions of the state court record they possess regarding the judgment petitioner is challenging herein.

**IT IS FURTHER ORDERED** that counsel for petitioner **SHALL FILE AND SERVE** a Third Amended Petition for Writ of Habeas Corpus within **ninety (90) days** of the entry of this Order. The Third Amended Petition shall include all known grounds for relief (both exhausted and unexhausted). Respondents shall have **forty-five (45) days** after service of the Third Amended Petition within which to answer, or otherwise respond to the same. If an answer is filed, petitioner shall have **forty-five (45) days** from the date of service of the answer to file a reply.

DATED this 4th day of March, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE