# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

KENNETH FRIEDMAN,

    Petitioner,

vs.

STATE OF NEVADA, *et al.,*

    Respondents.

3:07-cv-00338-LRH-VPC

**ORDER**

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, originally filed in this court on July 31, 2007. After more than two years of disordered litigation, on January 11, 2010, the court appointed counsel to represent petitioner (docket #130) and ordered counsel to file a third amended petition. On June 9, 2010, petitioner filed a third amended petition while represented by counsel (docket #139). Because of an irreconcilable conflict between petitioner and his counsel, the court granted petitioner's counsel's motion to withdraw as counsel of record on February 7, 2011 (docket #165). Currently, petitioner is proceeding in this matter *pro se*.

Petitioner moves for the appointment of alternative counsel to represent him (docket #167) and for leave to file a supplement to the third amended petition (docket #169). Petitioner argues that the court should appoint alternate counsel because of the conflict that arose between him and his prior counsel from the Federal Public Defender's office. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v.*

*Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). As this case has progressed, petitioner has shown that he is capable of asserting and arguing the various grounds upon which he seeks relief. This is demonstrated by petitioner's recently filed supplement to his third amended petition. Although the court previously appointed counsel to serve the ends of justice and the efficient adjudication of this case, at this juncture, the court concludes that petitioner is able to litigate this case effectively without the assistance of counsel. Therefore, the court denies petitioner's motion for the appointment of counsel.

With respect to petitioner's motion to supplement the third amended petition, the court finds that allowing petitioner to assert supplemental grounds for relief is appropriate. It is this court's practice to require a petitioner to present all his claims in a single petition. Therefore, the petitioner's motion shall be granted. To expedite matters, the proposed amendment shall be detached from the motion and docketed as petitioner's "Supplement to Third Amended Petition."

Also before the court are two motions to dismiss filed by respondents (docket #155 and 163). Both motions seek the dismissal of the petition based on petitioner's abusive litigation tactics and failure to comply with court orders. After reviewing the briefing on both motions, the court concludes that while petitioner has engaged in problematic conduct in this case, dismissal of his petition on this ground is not warranted. Accordingly, the court denies respondents' motions to dismiss.

Finally, petitioner has filed a notice of newly discovered evidence (docket #168). This document is neither a motion nor any other type of procedurally authorized document under the court rules. Accordingly, the court strikes this document from the record. Moreover, the court notes that as currently filed, the substance of the notice fails to meet the requisite standard for the introduction of newly discovered evidence. To expand the record under Habeas Rule 7, a petitioner must satisfy the requirements of 28 U.S.C. § 2254(e)(2). *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1241 (9th Cir. 2005). The conditions of 28 U.S.C. § 2254(e)(2) generally apply to petitioners seeking relief based on new evidence, even when they do not seek an evidentiary hearing. *Holland v. Jackson*, 542 U.S. 649

(2004). Section 2254(e)(2) provides as follows:

> If the applicant has failed to develop the factual basis of a claim in state court proceedings, the court shall not hold an evidentiary hearing on the claim unless [petitioner] shows that–
>
> (A) the claim relies on–
>
> (i) a new rule of constitutional law ...; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence;
> and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found [petitioner] guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). "If there has been no lack of diligence at the relevant stages in the state proceedings, the prisoner has not 'failed to develop' the facts under § 2254(e)(2)'s opening clause, and he will be excused from showing compliance with the balance of the subsections's requirements." *Williams v. Taylor*, 529 U.S. 420, 437 (2000). "Diligence for purposes of the opening clause [of 28 U.S.C. § 2254(e)(2)] depends on whether [petitioner] made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court[.]" *Cooper-Smith v. Palmateer*, 397 F.3d at 1241 (brackets in original) (quoting *Williams*, 529 U.S. at 435).

Petitioner should address this standard should he choose to present the newly discovered evidence to the court as an exhibit to his reply. Petitioner should also point to the specific page numbers and lines of the deposition testimony that he seeks to offer in support of his grounds for relief. The court will not sift through voluminous deposition testimony in order to discern which portions support petitioner's arguments.

**IT IS THEREFORE ORDERED** that petitioner's motion for the appointment of counsel (docket #167) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to file a supplement to the third amended petition (docket #169) is **GRANTED.** The Clerk **shall detach** the supplement from the motion and docket it separately as petitioner's "Supplement to Third Amended Petition."

**IT IS FURTHER ORDERED** that respondents' motions to dismiss (docket #155 and 163) are **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's notice of newly discovered evidence (docket #168) is **HEREBY STRICKEN.**

**IT IS FURTHER ORDERED** that respondents **shall file** an answer addressing the merits of the Third Amended Petition and the Supplement to the Third Amended Petition within **sixty days** of the date of service of this order. The court will not entertain any further motions to dismiss. Petitioner **shall file** a reply within **twenty days** from the date of service of respondents' response. **The court is not inclined to grant any motions for extensions of time absent a showing of extraordinary circumstances.**

DATED this 12th day of May, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE