# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

KENNETH FRIEDMAN,

    Petitioner,

vs.

STATE OF NEVADA, *et al.,*

    Respondents.

3:07-cv-00338-LRH-VPC

**ORDER**

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. On March 21, 2011, petitioner filed a motion for return of seized property. (ECF No. 170.) On May 12, 2011, the court ordered respondents to file a response to the motion and to show cause why they should not be sanctioned for failing to file a response. (ECF No. 171.) In compliance with the court's order, respondents filed a response to petitioner's motion and a response to the order to show cause on May 17, 2011. (ECF Nos. 174, 175.) On May 27, 2011, petitioner filed a reply to his original motion and a reply to respondents' response to the order to show cause. (ECF Nos. 177, 178.)

After reviewing respondents' response to the order to show cause, the court concludes that sanctions are not warranted. Respondents state that their failure to respond to petitioner's motion for the return of seized property stemmed from petitioner's frequent practice in this case of filing documents devoid of basis in a habeas corpus proceeding. Given the procedural history of this action, and the court's prior recognition of petitioner's problematic litigation conduct, the court finds respondents'

explanation sufficient.

With respect to the motion for return of seized property, the court rejects petitioner's argument that the motion should be granted merely because of respondents' untimely response. Petitioner is correct that Local Rule 7-2 provides that the failure of an opposing party to file a timely response constitutes consent to the granting of the motion. However, even if respondents' untimely response amounts to consent to the granting of petitioner's motion under the local rules, the court will nevertheless deny the motion if it is without legal basis. As discussed below, such is the case with petitioner's motion.

Petitioner argues that this court should order the return of his personal property seized by state authorities during the investigation into his criminal charges. Petitioner contends that no judicial proceedings relating to his prosecution presently exist that justify the state's continued possession of his property. According to petitioner, some of the seized property may have exculpatory value, which would assist him in this case.

Although petitioner does not specifically identify the authority under which he brings his motion, several of the cases he cites pertain to relief under Fed. R. Crim. P. 41(g).[1] In relevant part, Fed. R. Crim. P. 41(g) provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized . . . . If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

The Ninth Circuit has held that this rule "clearly relates to *federal* searches leading to *federal* prosecutions and extends in its furthest reach to searches conducted by state law enforcement agencies with direct federal authorization." *United States v. Marshall*, 338 F.3d 990, 994-995 (9th Cir. 2003) (emphasis added). Petitioner does not contend, nor does the record indicate, that his property was seized pursuant to any federal authoritative action. Thus, Fed. R. Crim. P. 41(g) fails to provide petitioner a

---

[1] Prior to 2002, the rule contained in Fed. R. Crim. P. 41(g) was codified at Fed. R. Crim. P. 41(e). *United States v. Kaczynski*, 416 F.3d 971, 973 (9th Cir. 2005). Courts have applied case law concerning former Rule 41(e) to the current Rule 41(g).

2

procedural vehicle by which he may obtain the return of property seized exclusively by state authorities. Moreover, as the court explained to petitioner in his 42 U.S.C. § 1983 action, the appropriate venue for petitioner to seek the return of his seized property is state court. *Friedman v. Nevada*, 2:10-cv-01038-KJD -PAL, 2011 U.S. Dist. LEXIS 29546, at * 4-5 (D. Nev. Mar. 18, 2011). If the state district court denies his motion, he may appeal to the Nevada Supreme Court. *Id*. If the Nevada Supreme Court denies relief, he may appeal to the U.S. Supreme Court. *Id*. Finally, the court notes that, generally, the return of property seized as part of criminal investigation is proper once it is no longer needed by the government as evidence. *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993). If petitioner were to prevail in obtaining a writ of habeas corpus in this action, the state may choose to proceed with a second criminal trial. Therefore, the state's need for the evidence continues so long as the petition for writ of habeas corpus remains pending. *See United States v. Reyes*, 2010 U.S. Dist. LEXIS 3195, at * 3 (W.D. Wash. Mar. 15, 2010).

**IT IS THEREFORE ORDERED** that petitioner's motion for return of seized property (ECF No. 170) is **DENIED.**

DATED this 28th day of June, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE