UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KENNETH FRIEDMAN,

    Petitioner,

vs.

STATE OF NEVADA, *et al.,*

    Respondents.

3:07-cv-00338-LRH-VPC

**ORDER**

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, originally filed in this court on July 31, 2007. On January 11, 2010, the court appointed counsel to represent petitioner (ECF No. 130) and ordered counsel to file a third amended petition. On October 1, 2010, petitioner filed a third amended petition while represented by counsel. (ECF No. 139.) Because of an irreconcilable conflict between petitioner and his counsel, the court granted petitioner's counsel's motion to withdraw as counsel of record on February 7, 2011. (ECF No. 165.) Currently, petitioner is proceeding in this matter *pro se*. In an order issued May 12, 2011, the court granted petitioner's motion for leave to file a supplement to the third amended petition. (ECF No. 172.)[1] In that same order, the court indicated that it would not entertain any further motions to dismiss and ordered respondents to file an answer within sixty days of the order. (*Id*.)

Before the court are respondents' motion for leave to file a motion to dismiss (ECF No. 185),

---

[1] As a point of clarification, the court notes that the supplement to the third amended petition is located at ECF No. 166, and that the supplement to the supplement, consisting of an order from the Ninth Circuit, is located at ECF No. 173.

petitioner's motion for the appointment of counsel (ECF No. 186), and petitioner's motion for leave to depose Thomas M. Kerr (ECF No. 176).

**I. Motion for Leave to File Motion to Dismiss**

Respondents argue that granting them leave to file a motion to dismiss will allow them to raise the defenses of exhaustion and procedural default before the court reaches the merits of the petition. According to respondents, proceeding in such a fashion will facilitate a clear record in this case. Petitioner opposes the motion, arguing that respondents' actions have consistently delayed this case. (ECF No. 189.) Petitioner contends that the court should deny respondents' motion and require them to file an answer.

Given the number of grounds raised in the third amended petition and the supplement to the third amended petition, and the length of argument supporting each, the court finds that allowing respondents to file a motion to dismiss is appropriate and serves the interests of justice. Accordingly, respondents are granted leave to file a motion to dismiss and shall file a motion to dismiss within sixty (60) days of the date of this order.

In opposing respondents' motion for leave, petitioner moves for sanctions. (ECF No. 190.) There is no basis for sanctioning respondents, and thus, the court denies petitioner's motion.

**II. Motion for the Appointment of Counsel**

Petitioner moves for the appointment of counsel based on the difficulty he is encountering in litigating this action *pro se* while incarcerated at High Desert State Prison. Petitioner argues that the court should appoint counsel in the interests of justice because this case is complex.

There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

As the court has previously noted, petitioner's papers are clear and demonstrate his ability to advocate on his own behalf. The court reaffirms its position that petitioner is able to litigate this case effectively without the assistance of counsel. Therefore, in exercising its discretion, the court denies petitioner's motion for the appointment of counsel.

**III. Motion for Leave to Depose Thomas M. Kerr**

Petitioner seeks leave to depose his stepfather, Thomas M. Kerr. Petitioner states that Mr. Kerr is an important witness whose testimony is relevant to petitioner's actual innocence, alibi defenses, juror misconduct, and the ineffective assistance of counsel claims. Petitioner states that Mr.Kerr is suffering from a serious, life-threatening illness. Respondents did not oppose the motion.[2]

Upon review of petitioner's papers and in light of the severity of Mr. Kerr's condition, the court concludes that the interests of justice are best served by allowing petitioner to telephonically depose Mr. Kerr. Because of the unique circumstances presented here, the court exercises its inherent authority and equitable powers in granting petitioner's request to allow him to preserve evidence. In doing so, the court expresses no opinion of any kind on the merits of petitioner's petition currently pending before this court. Moreover, Mr. Kerr's deposition testimony may not be used in support of the grounds in petitioner's third amended petition or his supplemental petition. *See Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1241 (9th Cir. 2005) (holding that to expand the record under Rule 7 of the Rules Governing § 2254 cases a petitioner must show "that his claim was based either on a new retroactive rule of constitutional law, or on 'a factual predicate that could not have been previously discovered through the exercise of due diligence.'" (quoting 28 U.S.C. § 2254(e)(2))). Additionally, Mr. Kerr's deposition shall be limited to one issue: Mr. Kerr's observation and recollection of petitioner's physical condition at the time of the offenses of which petitioner was convicted. Specifically, petitioner's alleged "severe ankle injury with swelling and possible dislocation . . . ." (ECF No. 176 at 22.)

Mr. Kerr, counsel for respondents, and counsel from the Clark County District Attorney's Office may appear for the telephonic deposition in a courtroom to be determined at the Lloyd D. George United

---

[2] Petitioner's motion is entitled "Notice of Terminal Illness and a Need for Depositions of Key Witnesses." In liberally construing this *pro se* filing, as the court is obligated to do, the document is properly considered a motion. However, petitioner is explicitly warned that documents seeking court actions must be filed as a "motion" and not a "notice" in the future.

States Courthouse located at 333 Las Vegas Blvd. South, Las Vegas, NV 89101. Counsel for respondents shall coordinate with petitioner and/or correctional officials at petitioner's current location or incarceration, Mr. Kerr,[3] counsel from the Clark County District Attorney's Office, and Melissa Jaime, Courtroom Administrator (phone: 702/464-5415) to schedule the time and date of the deposition. Petitioner will not be transported to the court but will appear telephonically. The deposition must be scheduled within sixty days of the date of this order. The court will provide a court reporter who will furnish three copies of the transcript. Petitioner, respondents, and the Clark County District Attorney's Office shall each receive one copy of the transcript. In the interests of justice, the court authorizes payment for the deposition and deposition transcripts under the Criminal Justice Act, 18 U.S.C. § 3006A(e).

At the telephonic deposition, petitioner shall have up to one (1) hour to examine Mr. Kerr. Respondents and the Clark County District Attorney's Office shall, collectively, have up to one (1) hour to examine Mr. Kerr. The court reiterates that the questioning of Mr. Kerr shall only pertain to Mr. Kerr's observation and recollection of petitioner's alleged physical condition (ankle injury) at the time of the offenses of which petitioner was convicted, as explained in this order, *supra.*

**IV. Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion for leave to file a motion to dismiss (ECF No. 185) is **GRANTED**. Respondents shall file their motion to dismiss within **sixty (60) days** of the date of this order.

**IT IS FURTHER ORDERED** that petitioner's motion for sanctions (ECF No. 190) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion for the appointment of counsel (ECF No. 186) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's request to depose Thomas M. Kerr (ECF No. 176) is **GRANTED** with the limitations and specifications provided in this order.

///

---

[3] Mr. Kerr's contact information can be located at page 2 of ECF No. 176.

4

**IT IS FURTHER ORDERED** that the clerk of court **SHALL SERVE** this order on the Clark County District Attorney's Office, Criminal Division, 200 S. Third St., Las Vegas, NV 89155.

DATED this 20th day of July, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE