UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KENNETH FRIEDMAN,

    Petitioner,

vs.

STATE OF NEVADA, *et al.,*

    Respondents.

3:07-cv-00338-LRH-VPC

**ORDER**

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se.* Several motions are pending motions before the court, which the court addresses in turn.

**I. Motion for Judicial Notice on Law (ECF No. 179)**

Petitioner moves the court to take judicial notice of Nev. Rev. Stat. § 200.575 as it existed in 2003. Petitioner provides an attached Exhibit A to his motion that he represents is the 2003 version of the statute. This motion is granted in part and denied in part. The court takes judicial notice that Nev. Rev. Stat. § 200.575 is an existing Nevada statute and that the statute was in effect in 2003. The court does not take judicial notice of Exhibit A. Additionally, at this juncture, the court expresses no opinion as to the relevance of Nev. Rev. Stat. § 200.575 as codified in 2003 or its application to petitioner's case.

**II. Motion for Reconsideration of Order Denying Return of Seized Property (ECF No. 187)**

Petitioner argues that the court's June 29, 2011 order denying the return of his seized property contains legal and factual errors. Petitioner contends that the court: (1) failed to address its broad

remedial authority to order equitable relief; (2) failed to address the exculpatory value of the seized property; and (3) did not have the opportunity to consider other bases for granting the motion because petitioner filed his supplement to the third amended petition after filing the motion for the return of seized property. In his reply, petitioner clarifies that he seeks a "remand" from this court to the state court directing the state court to consider his motion for return of seized property timely. Petitioner also indicates that the broad remedial authority of this court that he seeks to invoke is found in the All Writs Act, 28 U.S.C. § 1651(a).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

First, in its order denying petitioner's motion for the return of seized property, the court made clear that the appropriate venue for petitioner to seek return of this property is state court. If petitioner

disagrees with the decisions of the state courts, he may appeal to the United States Supreme Court. Second, assuming without deciding, for purposes of argument, that this court could order the return of certain property if it concluded that it was obtained in violation of the Fourth Amendment, such a conclusion has not yet been reached by this court. Petitioner appears to recognize in his papers that he has alleged, but has not proved, that his property was obtained by state authorities in violation of the Fourth Amendment. In sum, none of the arguments or authority cited by petitioner persuades the court that its prior decision was in error. Thus, the court denies petitioner's motion for reconsideration.

**III. Motion for Order that Respondents Address Proof of Exhaustion (ECF No. 193)**

In this motion, petitioner argues that the court should take notice of his proof of exhaustion and order respondents to address the exhaustion of petitioner's claims and sub-claims. To the extent petitioner requests that the court take judicial notice of his legal argument, the court denies the request. Additionally, respondents have filed a motion to dismiss in which they argue that several of petitioner's claims are unexhausted. Therefore, petitioner's request for an order requiring respondents to address exhaustion is denied as moot.

**IV. Motion to Compel Cooperation (ECF No. 203) and Motion to Strike Petitioner's Motion to Compel (ECF No. 202)**

Petitioner's motion to compel cooperation and respondents' motion to strike pertain to the previously court-ordered deposition of Thomas M. Kerr. Before Mr. Kerr's deposition could be taken, his health declined, leading to his hospitalization. Petitioner informs the court that Mr. Kerr has died. (ECF No. 217.) Accordingly, these motions are denied as moot.

**V. Motions to Proceed *In Forma Pauperis* (ECF Nos. 206, 213)**

When petitioner commenced this action, he paid the $5.00 filing fee. Pursuant to 28 U.S.C. § 1915(a)(1), a court may authorize the *commencement* of an action, without the prepayment of fees, by a person who establishes that he is unable to pay such fees. Petitioner has already paid the $5.00 filing fee and has, therefore, established that he is financially able to pay the $5.00 filing fee to commence this action. Therefore, petitioner's motions are denied as moot.

**VI. Motion for Clerks to Use Correct Address (ECF No. 215)**

Petitioner states that mailings from the court have been sent to the incorrect zip code and seeks

to have his address corrected. Petitioner's motion is granted. All future documents from the court will be sent to the zip code provided by petitioner.

**VII. Motion for Leave to File Motions for Discovery and Expand Record in Support (ECF No. 216)**

Petitioner requests leave from the court to file motions seeking discovery and motions to expand the record in this case. Petitioner asserts that these motions pertain to the merits of his petition as well as exhaustion and procedural bar. The court grants petitioner's motion for leave. Petitioner may file his motions for discovery and to expand the record after issuance of this order. If the issues raised by petitioner pertain to exhaustion and procedural default, as raised by respondents in their motion to dismiss, the court will address them in ruling on the motion to dismiss. If the issues raised by petitioner pertain to the merits of his petition, the court will address them prior to conducting its merits review of the petition.

**VIII. Motion for Library Access (ECF No. 218)**

Petitioner moves for an order requiring prison officials to allow him adequate law library access, research and preparation tools, means of photocopying, and a means of properly mailing his legal mail. Petitioner contends that prison officials are arbitrarily removing him from the library and that the method by which legal mail is dispatched from prison impedes its timeliness. Specifically, petitioner seeks an order concerning library access from this court so that he may respond to respondents motion to dismiss. First, to the extent petitioner moves for additional law library access to respond to the motion to dismiss, the motion is moot. Petitioner responded to the motion to dismiss on November 30, 2011. (ECF No. 222.)

Second, petitioner's motion, in effect, seeks a mandatory preliminary injunction from this court directing prison officials to provide him with a certain level of law library access as described in his motion papers. Generally, "[a] prohibitory injunction preserves the status quo. A mandatory injunction goes well beyond simply maintaining the status quo *pendente lite* [and] is particularly disfavored." *Stanley v. University of Southern California*, 13 F.3d 1313, 1320 (9th Cir. 1994) (internal quotations, citations omitted). A district court should deny a request for a mandatory injunction "unless the facts and law clearly favor the moving party." *Id*. (citation omitted).

4

Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977), *limited in part on other grounds by Lewis*, 518 U.S. at 354; *Ching v. Lewis*, 895 F.2d 608, 609 (9th Cir. 1990). This right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds*, 430 U.S. at 828; *see also Madrid v. Gomez*, 190 F.3d 990, 995 (9th Cir. 1999). The right, however, "guarantees no particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts . . . . [It is this capability] rather than the capability of turning pages in a law library, that is the touchstone" of the right of access to the courts. *Lewis*, 518 U.S. at 356-57. Prison officials may select the best method to ensure that prisoners will have the capability to file suit. *See id.* at 356. Prisons "might replace libraries with some minimal access to legal advice and a system of court-provided forms . . . that asked the inmates to provide only the facts and not to attempt any legal analysis." *Id*. at 352.

To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury. *See Lewis*, 518 U.S. at 349; *Madrid*, 190 F.3d at 996. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348 (citation and internal quotations omitted); *see also Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (explaining that "[f]ailure to show that a 'non-frivolous legal claim ha[s] been frustrated' is fatal" to a claim for denial of access to legal materials) (citing *Lewis*, 518 U.S. at 353 & n.4); *Madrid*, 190 F.3d at 996. Delays in providing legal materials or assistance that result in actual injury are "not of constitutional significance" if "they are the product of prison regulations reasonably related to legitimate penological interests." *Lewis*, 518 U.S. at 362.

In this case, petitioner fails to show that he has suffered any actual injury. Moreover, petitioner's allegation that his ability to timely respond to respondents' motions has been stymied by grossly limited law library access is belied by the record. Petitioner responded to respondents' motion to dismiss with a ninty-page document within the time allotted and without an extension of time. (ECF No. 222.) Therefore, the court denies petitioner's motion.

| | |
|---|---|
| 1 | **IX. Motion for Extension of Time (ECF No. 219)** |
| 2 | Petitioner moves for a forty-five day extension of time to respond to any motion or answer filed |
| 3 | by respondents. Petitioner has filed an opposition to respondents' motion to dismiss. No other motions |
| 4 | are currently pending before this court requiring a response from petitioner. The court will not enter a |
| 5 | blanket order extending all future deadlines for petitioner. If a motion requires a response from |
| 6 | petitioner, he may move for an extension of time based on his then-existing circumstances. Accordingly, |
| 7 | petitioner's motion is denied as moot. |
| 8 | **X. Conclusion** |
| 9 | **IT IS THEREFORE ORDERED** that petitioner's motion for judicial notice on law (ECF No. |
| 10 | 179) is **GRANTED in part and DENIED in part.** |
| 11 | **IT IS FURTHER ORDERED** that petitioner's motion for reconsideration (ECF No. 187) is |
| 12 | **DENIED.** |
| 13 | **IT IS FURTHER ORDERED** that petitioner's motion for order that respondents address proof |
| 14 | of exhaustion (ECF No. 193) is **DENIED.** |
| 15 | **IT IS FURTHER ORDERED** that petitioner's motion to compel cooperation (ECF No. 203) |
| 16 | is **DENIED as moot**. |
| 17 | **IT IS FURTHER ORDERED** that respondents' motion to strike (ECF No. 202) is **DENIED** |
| 18 | **as moot.** |
| 19 | **IT IS FURTHER ORDERED** that petitioner's motions to proceed *in forma pauperis* (ECF Nos. |
| 20 | 206, 213) are **DENIED as moot**. |
| 21 | **IT IS FURTHER ORDERED** that petitioner's motion for clerk to use correct address (ECF No. |
| 22 | 215) is **GRANTED**. The clerk **SHALL** modify the docket to reflect petitioner's correct address: High |
| 23 | Desert State Prison, P.O. Box 650, Indian Springs, NV 89070-0650. |
| 24 | **IT IS FURTHER ORDERED** that petitioner's motion for leave to file discovery motions and |
| 25 | motions to expand the record (ECF No. 216) is **GRANTED**. |
| 26 | **IT IS FURTHER ORDERED** that petitioner's motion for adequate law library access (ECF No. |
| 27 | 218) is **DENIED**. |
| 28 | /// |

1 | **IT IS FURTHER ORDERED** that petitioner's motion for extension of time (ECF No. 219) is
2 | **DENIED as moot.**
3 | Dated, this 27th day of December, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE