# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

KENNETH FRIEDMAN,

    Petitioner,

vs.

STATE OF NEVADA, *et al.,*

    Respondents.

3:07-cv-00338-LRH-VPC

**ORDER**

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. Several motions are pending before the court, which the court addresses in turn.

**I. Motion to Strike (ECF No. 223) and Motion for Sanctions (ECF No. 253)**

Petitioner moves the court to strike several statements made by respondents in their motion to dismiss. (ECF No. 223.) Petitioner argues that the motion to dismiss contains false portrayals of facts that will mislead the court. In particular, petitioner contends that use of the terms "teenage girls" and "young girls" to describe the victims of the crime is inaccurate and prejudicial. Additionally, petitioner challenges several other factual descriptions made by respondents in their recitation of the events surrounding the crimes of which petitioner is convicted.

Under Rule 12(f) a "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Matter is "immaterial" if it has no bearing on the controversy before the court. *In re 2TheMart.com, Inc Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000). Allegations are "impertinent" if they are not responsive to the issues that arise in the action and that are inadmissible as

evidence. *Id.* "Scandalous" matter is that which casts a cruelly derogatory light on a party or other person. *Id.*

In this case, respondents' use of the terms "teenage girls" and "young girls" to collectively describe the employees of the Subway sandwich shop is supported by testimony in the record. (Exhibits to Third Am. Pet. Ex. 16 at 741.) Petitioner argues that the teenage employees were not victims of the crime of aggravated stalking and that only a woman in her thirties who worked at Subway was a victim. However, in addition to his aggravated stalking conviction, petitioner was convicted of four counts of indecent exposure and seven counts of open or gross lewdness. (*Id*. Ex. 21.) At least one other Subway employee was a victim of those crimes. (*Id*. Ex. 21, Ex. 16 at I-106.) Thus, the court finds that respondents' characterization of the victims is not erroneous. With respect to petitioner's other concerns regarding respondents' factual representations, the court finds that none rise to the level of "scandalous" to justify striking them from the motion to dismiss. Although each party may argue his or her position by presenting facts in a particular manner, this court will adjudicate this case based on the facts supported by the evidence in the record. Accordingly, the court denies petitioner's motion to strike.

Petitioner also moves for sanctions based on respondents' factual representations in their motion to dismiss. (ECF No. 253.) Having concluded that the record supports use of the terms "teenage girls" and "young girls," and that none of respondents other assertions are otherwise improper, the court denies petitioner's motion for sanctions.

Before turning to the other pending motions, the court observes that petitioner makes several personal attacks on counsel for respondents in his motion papers. Such conduct is inappropriate and unacceptable. Petitioner, like any other litigant appearing before this court, must argue the merits of this case without resorting to insults directed at opposing counsel. The court expressly admonishes petitioner to refrain from such behavior. Should petitioner continue to make personal attacks on counsel for respondents, the court will impose appropriate sanctions.

**II. Motion for Order that Respondents Use Proper Citations to the Record (ECF No. 225)**

Petitioner argues that respondents' citations to the record are confusing and inadequate. Specifically, petitioner argues that respondents' reference to the page numbers contained on the compact disc with the third amended petition and exhibits does not allow him to readily locate information

because he does not have access to the compact disc.

The page numbering to which respondents reference appears on both the digital and hard copy of the third amended petition and exhibits submitted by petitioner through his former counsel. The court finds that respondents' citations are adequate to allow both petitioner and the court to locate the portions of the record to which they cite in support of their argument. The court will not mandate that respondents use the preferred citation format of petitioner. However, if petitioner does not possess the third amended petition and exhibits prepared by counsel, he may so inform the court. Petitioner's motion for order that respondents use proper citations to the record is denied.

**III. Motion for Deposition (ECF No. 227) and Motion to Withdraw (ECF No. 235)**

Initially, petitioner moved to depose a witness (ECF No. 227) but later withdrew the motion (ECF No. 235). Accordingly, the court grants petitioner's motion to withdraw and considers the motion to depose withdrawn.

**IV. Motion for Timely Service from Respondents (ECF No. 240)**

Petitioner asserts that he has received the documents served by respondents' with an unacceptable delay. According to petitioner, the certificate of service for respondents' motion to dismiss states that the motion was mailed on November 16, 2011, but that the postmark shows November 21, 2011, and that petitioner did not receive the motion until November 23, 2011. Petitioner seeks an order from the court requiring respondents to serve petitioner on the same day they electronically file the documents or requiring them to ensure that the documents are in petitioner's possession within three days of filing.

Federal Rule of Civil Procedure 5(b) provides that service by mail "is complete upon mailing." The date on which a motion is served "is determined by the date of mailing, not by the date of postmark." *Larez v. Holcomb*, 16 F.3d 1513, 1515 (9th Cir. 1994). Additionally, because service by mail is complete upon mailing, it is irrelevant when a party receives the document. *Kim v. Commandant, Defense Language Institute, Foreign Language Center*, 772 F.2d 521, 524 (9th Cir. 1985). Finally, when service is accomplished by mail and a party may or must act within a specified time after service, three days are added after the prescribed period would otherwise expire. Fed. R. Civ. P. 6(d). This additional time is provided because several days may pass between the mailing of a motion and its actual receipt. *EEOC v. Jordan Graphics, Inc.*, 135 F.R.D. 126, 128 (W.D.N.C. 1991).

| | |
|---|---|
| 1 | In this case, respondents' certificate of service for their motion to dismiss certifies that the motion was mailed on November 16, 2011, by First-Class mail or dispatched to a third party commercial carrier for delivery within three calendar days to petitioner. (ECF No. 220.) Petitioner has failed to demonstrate that this assertion is false and resulted in delaying his receipt of the motion. Morever, as noted above, the short delay in petitioner's receipt of the motion is mitigated by the additional three days provided by Fed. R. Civ. P. 6(d). The court also reminds petitioner that he may move for an extension of time within which to respond to respondents' motions, should he so desire. Accordingly, petitioner's motion for timely service from respondents is denied. |

### V. Conclusion

**IT IS THEREFORE ORDERED** that petitioner's motion to strike (ECF No. 223), motion for sanctions (ECF No. 253), motion for order that respondents use proper citations to the record (ECF No. 225), and motion for timely service (ECF No. 240) are **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion to withdraw (ECF No. 235) is **GRANTED.** Petitioner's motion for deposition (ECF No. 227) is **HEREBY WITHDRAWN.**

Dated, this 23rd day of May, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE