**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

KENNETH FRIEDMAN,        )
                                    )
           Petitioner,       )      3:07-cv-00338-LRH-VPC
                                      )
vs.                               )
                                    )      **ORDER**
STATE OF NEVADA, *et al.,*    )
                                    )
           Respondents.    )
                                    )
_____/

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se.* Before the court is respondents' motion to dismiss. (ECF No. 220.) Petitioner has opposed the motion (ECF Nos. 222, 224, 265), and respondents have replied (ECF No. 236). Before turning to the motion to dismiss, the court addresses petitioner's motion for further briefing (ECF No. 241) and motion for discovery pertaining to exhaustion and procedural default (ECF No. 238).

**I.  Motion for Further Briefing (ECF No. 241)**

Petitioner moves for leave to file further briefing regarding respondents' arguments that several of his claims are unexhausted or procedurally defaulted. (ECF No. 241.) Having thoroughly reviewed the record and the papers presented by the parties, the court concludes that further briefing is unnecessary for it to rule on respondents' motion to dismiss. Accordingly, the court denies petitioner's motion for further briefing.

**II.  Motion for Discovery Regarding Exhaustion and Procedural Default (ECF No. 238)**

Petitioner moves for leave to conduct discovery regarding the exhaustion and procedural default

1   of his claims.  (ECF No. 238.)  Petitioner attaches a variety of discovery requests in which he seeks

2   concessions from respondents concerning various legal arguments made by petitioner in opposing the

3   motion to dismiss.   As correctly noted by respondents, petitioner's motion for discovery, and

4   accompanying discovery requests, do not pertain to the discovery of facts.  Rather, petitioner presents

5   several admissions, interrogatories, and requests for production of documents that essentially demand

6   that respondents concede the correctness of petitioner's legal arguments.  The tools of discovery are used

7   to develop the *factual* basis of petitioner's claims, not to litigate the merits of petitioner's legal

8   arguments.   Accordingly, the court denies petitioner's motion for discovery regarding exhaustion and

9   procedural default.

10  **III.  Motion to Dismiss (ECF No. 220)**

11          A.  Background and Procedural History

12          On February 27, 2004, the State of Nevada filed an amended information in the Eighth Judicial

13  District Court for the State of the Nevada ("District Court") charging petitioner, Kenneth Andrew

14  Friedman, with one count of aggravated stalking, four counts of indecent exposure, and seven counts

15  of open or gross lewdness.  (Exhibits to Third Am. Pet. Ex. 19, ECF No. 145.)[1]  After a jury trial, the

16  jury returned a verdict finding petitioner guilty of all counts.   (*Id*. Ex. 21.)   The District Court

17  adjudicated petitioner a habitual criminal and sentenced petitioner to life without the possibility of parole

18  for the aggravated stalking count.  (*Id*. Ex. 18.)  The District Court sentenced petitioner to terms of

19  twelve months for each of the other counts, with each count concurrent to the life sentence and each

20  other. (*Id*.)  The District Court issued its amended judgment of conviction on May 7, 2004.  (*Id*. Ex. 27.)

21  Petitioner appealed.   (*Id*. Ex. 26.)   On November 16, 2005, the Nevada Supreme Court affirmed

22  Petitioner's convictions.  (*Id*. Ex. 42.)

23          During the pendency of his direct appeal, petitioner filed two *pro se* petitions for a writ of

24  mandamus with the Nevada Supreme Court (*Id*. Ex. 29, Ex. 33), both of which were denied (*Id*. Ex. 30,

25  Ex. 36).

26          On February 8, 2006, petitioner filed a *pro se* post-conviction petition and "addenda" in the

27  _____

28          [1]   The exhibits referenced in this order are found in the court's record at ECF Nos. 140-154, 184, and 257.

1   District Court.  (*Id.* Ex. 44, Ex. 45.)  Without holding an evidentiary hearing, the District Court denied
2   post-conviction relief on December 23, 2006.  (*Id.* Ex. 49, Ex. 55.)  Petitioner appealed the denial to the
3   Nevada Supreme Court.  (*Id.* Ex. 54.)  On March 24, 2008, the Nevada Supreme Court affirmed the
4   District Court's decision.  (*Id.* Ex. 64.)

5       During the pendency of his appeal from the District Court's denial of his post-conviction petition,
6   petitioner filed a *pro se* petition for writ of habeas corpus in the Nevada Supreme Court.  (*Id.* Ex. 57.)
7   On July 5, 2007, the Nevada Supreme Court denied the petition.  (*Id.* Ex. 58.)

8       Petitioner filed his federal petition for writ of habeas corpus in this court on July 31, 2007.  (ECF
9   No. 1.)  On January 11, 2010, the court appointed counsel to represent petitioner.  (ECF No. 130.)
10  Through counsel, petitioner filed his third amended petition on October 1, 2010.  (ECF No. 139.)  On
11  February 7, 2011, the court granted petitioner's counsel's motion to withdraw due to an irreconcilable
12  conflict. (ECF No. 165.)  Subsequently, the court allowed petitioner to file a *pro se* supplement to his
13  petition (ECF No. 172), which is located in the court's record at ECF No. 166.

14      Respondents move to dismiss several grounds in the petition and supplement because they are
15  unexhausted or procedurally defaulted.

16      B.  Exhaustion Legal Standard

17      A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has
18  exhausted his available state remedies for all claims raised.  *Rose v. Lundy*, 455 U.S. 509 (1982); 28
19  U.S.C. § 2254(b).  A petitioner must give the state courts a fair opportunity to act on each of his claims
20  before he presents those claims in a federal habeas petition.  *O'Sullivan v. Boerckel,* 526 U.S. 838, 844
21  (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995).  A claim remains unexhausted until the
22  petitioner has given the highest available state court the opportunity to consider the claim through direct
23  appeal or state collateral review proceedings.  *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004);
24  *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

25      A habeas petitioner must "present the state courts with the same claim he urges upon the federal
26  court."  *Picard v. Connor*, 404 U.S. 270, 276 (1971).  The federal constitutional implications of a claim,
27  not just issues of state law, must have been raised in the state court to achieve exhaustion.  *Ybarra v.*
28  *Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)).  To achieve

1  exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the

2  United States Constitution" and given the opportunity to correct alleged violations of the prisoner's

3  federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106

4  (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to

5  potential litigants: before you bring any claims to federal court, be sure that you first have taken each

6  one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S.

7  509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal

8  protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195

9  F.3d 1098, 1106 (9th Cir. 1999) (citations omitted). However, citation to state caselaw that applies

10  federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003)

11  (en banc).

12      A claim is not exhausted unless the petitioner has presented to the state court the same operative

13  facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of*

14  *Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the

15  petitioner presents to the federal court facts or evidence which place the claim in a significantly different

16  posture than it was in the state courts, or where different facts are presented at the federal level to support

17  the same theory. *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688

18  F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984).

19      C.  Proper Presentation Required for Exhaustion

20      The exhaustion doctrine requires that each claim be fairly presented to the state's highest court.

21  *See Castille v. Peoples*, 489 U.S. 346 (1989). Although the exhaustion doctrine requires only the

22  presentation of each federal claim to the highest state court, the claims must be presented in a posture

23  that is acceptable under state procedural rules. *See Sweet v. Cupp*, 640 F.2d 233 (9th Cir. 1981).

24  Exhaustion cannot be achieved by a procedurally deficient or improper means. *Castille*, 489 U.S. at

25  351.[2]  A state may mandate a particular procedure to be used to the exclusion of other avenues for

26

27      [2]  A situation of procedural deficiency is distinguishable from a situation where a claim is
    presented to the state court using proper procedures but where relief on the merits is precluded for some
28  procedural reason, such as untimeliness or failure to raise the claim on direct appeal. The former
    represents an exhaustion problem while the latter represents a procedural default problem.

4

1   seeking relief, so long as the right of review is not foreclosed or unduly limited.  *Turner v. Compoy*, 827

2   F.2d 526, 528 (9th Cir. 1987).

3          First, under Nevada law, the Nevada Supreme Court will not consider issues raised for the first

4   time in a reply brief.  *See Browning v. State*, 120 Nev. 347, 368, n. 53 (2004) ("NRAP 28(c) does not

5   allow the raising of new claims in reply briefs; it limits a reply brief to addressing new matters raised

6   in the answering brief.").   Thus, to the extent petitioner argues that certain grounds in his petition were

7   exhausted via arguments raised for the first time in his reply brief, his argument is unavailing.

8          Second, under Nevada law, a party appearing before the Nevada Supreme Court may only file

9   papers in *pro se* with leave of the court.  Nev. R. App. P. 46(b); *see Johnson v. State*, 89 P.3d 669, 671

10  n. 10 (Nev. 2004).   Documents filed in *pro se* by a represented party who is not granted permission to

11  file *pro se* papers are returned to the party unfiled.  *See Johnson*, 89 P.3d at 671 n. 10.  In this case,

12  petitioner contends that he exhausted certain grounds through *pro se* papers presented to the Nevada

13  Supreme Court on direct appeal.  Petitioner was represented on direct appeal, and these documents were

14  returned to petitioner unfiled.   (ECF No. 12 at 2092-2106.)   Thus, petitioner's *pro se* documents

15  submitted on direct appeal were submitted in a procedurally deficient manner and cannot constitute the

16  means by which to achieve exhaustion.

17         Third, petitioner points to his petitions for a writ of mandamus as having exhausted certain

18  claims.  In *Chambers v. McDaniel*, 549 F.3d 1191, 1195-99 (9th Cir. 2008), the Ninth Circuit Court of

19  Appeals held that the Supreme Court of Nevada had rejected an original petition "on the merits" and that

20  the claims contained in the petition were thus exhausted.   The Ninth Circuit held that the Nevada

21  Supreme Court's order constituted a disposition on the merits because the Nevada Supreme Court stated

22  in the body of the order that "[w]e have considered the petition on file herein, and we are not satisfied

23  that this court's intervention by way of extraordinary relief is warranted at this time."   *Id*.   In further

24  support of its conclusion, the Ninth Circuit pointed to the Nevada Supreme Court's statement in a

25  footnote that "[w]e have considered all proper person documents filed or received in this matter, and we

26  conclude that the relief requested is not warranted."   *Id*.   Because the Nevada Supreme Court

27  "considered" all materials filed and then "concluded that relief is not warranted," the Ninth Circuit held

28  that the language used by the Nevada Supreme Court "strongly suggest[ed] that such a 'conclusion' is

1   on the merits . . . and cannot be fairly characterized as merely procedural." *Id*. (internal quotations and

2   citations omitted).  The Ninth Circuit held that "unless a court expressly (not implicitly) states that it is

3   relying upon a procedural bar, we must construe an ambiguous state court response as acting on the

4   merits of a claim, if such a construction is plausible." *Id*.

5         Here, the Nevada Supreme Court denied both of petitioner's petitions for a writ of mandamus.

6   (Exhibits to Third Am. Pet. Ex. 30, Ex. 36.)  In both orders, the Nevada Supreme Court stated: "We have

7   considered the petition on file herein, and we are not satisfied that this court's intervention by way of

8   extraordinary relief is warranted at this time."  (*Id*.)   This language is identical to the language in

9   *Chambers*, and thus, constitutes a decision on the merits.   Accordingly, the court will evaluate the

10  documents submitted by petitioner in seeking petitions for a writ of mandamus in determining whether

11  certain grounds are exhausted.

12        Fourth, petitioner argues that he exhausted certain claims through his *pro se* original petition for

13  writ of habeas corpus filed directly with the Nevada Supreme Court.  In denying the petition, the Nevada

14  Supreme court stated: "We have reviewed all documents submitted to this court, and we conclude that

15  this court's extraordinary review is not warranted.   A challenge to the validity of the judgment of

16  conviction and sentence must be raised in a post-conviction petition for writ of habeas corpus filed in

17  the district court in the first instance." (*Id*. Ex. 58.)  Respondents contend that this language differs from

18  that in *Chambers* because in this case, the Nevada Supreme Court "reviewed" the documents as opposed

19  to "considering" them.  The court concludes that this is a distinction without a difference and rejects this

20  argument.   Additionally, according to respondents, unlike in *Chambers*, in this case, the Nevada

21  Supreme Court indicated that the petition was procedurally deficient by citing to Nev. Rev. Stat. §

22  34.724 and informing petitioner that he must file his post-conviction petition in district court.   The court

23  also rejects this argument.   In *Chambers*, the Ninth Circuit noted that the Nevada Supreme Court is

24  capable of clearly and unambiguously denying a petition for a discretionary writ on procedural grounds

25  by stating that it declines to exercise its original jurisdiction to consider the petition.   *Chambers*, 549

26  F.3d at 1198 (discussing *Hosier v. State*, 121 Nev. 409, 117 P.3d 212, 213 (Nev. 2005) (per curiam)).

27  As in *Chambers*, the Nevada Supreme Court did not state in this case that it was declining to exercise

28  its original jurisdiction.   Thus, the court concludes that the Nevada Supreme Court's citation to Nev.

6

1   Rev. Stat. § 34.724 and statement to petitioner that he must file his post-conviction petition in district

2   court is not an express invocation of a procedural bar. Rather, the Nevada Supreme Court's denial of

3   petitioner's original habeas corpus petition is plausibly construed as a decision on the merits.

4          Fifth, petitioner argues that he exhausted certain grounds in his motion to correct illegal sentence.

5   Under Nevada law, two types of post-conviction challenges to judgments of conviction are excepted

6   from the Nevada post-conviction statues: (1) a motion to modify a sentence based on very narrow due

7   process grounds and (2) a motion to correct a facially illegal sentence. *Edwards v. State*, 918 P.2d 321,

8   323-24 (Nev. 1996). "Motions to correct illegal sentences address only the facial legality of a sentence."

9   *Id*. at 324. Thus, "[a] motion to correct an illegal sentence is an appropriate vehicle for raising the claim

10  that a sentence is facially illegal at any time; such a motion cannot, however, be used as a vehicle for

11  challenging the validity of a judgment of conviction or sentence based on alleged errors occurring at trial

12  or sentencing." In this case, petitioner filed a motion to correct illegal sentence, challenging the facial

13  validity of his sentence. (ECF No. 184 Ex. B.) The Nevada Supreme Court affirmed the District Court's

14  denial of the motion because "petitioner failed to demonstrate that his sentence was facially illegal or

15  that the district court lacked jurisdiction." (*Id*. Ex. A.) Thus, the Nevada Supreme Court reached the

16  merits of petitioner's motion. Consequently, this court will review petitioner's motion to correct illegal

17  sentence in addressing the exhaustion of the grounds presented in petitioner's federal petition.

18         In sum, to ascertain whether petitioner has exhausted the grounds of his federal petition, this

19  court will review the documents submitted through counsel on direct appeal, documents presented in

20  conjunction with both *pro se* petitions for writ of mandamus, documents presented in conjunction with

21  the *pro se* original petition for writ of habeas corpus filed in the Nevada Supreme Court, documents

22  presented in conjunction with the *pro se* petition for post-conviction relief, and documents submitted

23  in conjunction with the *pro se* motion to correct illegal sentence. However, the court will not consider

24  petitioner's *pro se* submissions on direct appeal or arguments raised by counsel for the first time in the

25  reply on direct appeal.

26         D.  Exhaustion of Ground 1

27         In ground 1, petitioner claims that the cumulative errors of the trial court in admitting certain

28  evidence violated his right to due process and a fair trial under the Fifth, Sixth, and Fourteenth

Amendments to the United States Constitution.  Specifically, petitioner contends that the trial court erred in allowing testimony from Detective Moniot, allowing testimony from Officer Pettit, and allowing testimony regarding, and admitting into evidence, certain items seized pursuant to a search warrant. Petitioner argues that all of this evidence was irrelevant and highly prejudicial.

Respondents argue that ground 1 is unexhausted because the claims concerning this evidence raised on direct appeal were raised as issues of state law and not as federal constitutional claims.

As discussed above, to achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights.  *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999).  On direct appeal, petitioner argued that the cumulative error of the trial court in admitting certain evidence resulted in the denial of the "constitutional right to a fair trial."  (Exhibits to Third Am. Pet. Ex. 32 at 13.)  In support of his argument, petitioner cited to *Aesoph v. State,* 721 P.2d 379 (1986), a case that discusses cumulative errors affecting the Fourteenth Amendment due process right to a fair and impartial trial.  (*Id.* Ex. 32 at 14.)  Citation to state caselaw that applies federal constitutional principles will suffice to exhaust a claim. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).  Additionally, in his reply, petitioner argued that the admission of the irrelevant and prejudicial evidence denied him "his right to due process guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution." (ECF No. 257 Ex. 1 at 3.)  Thus, the court concludes that petitioner fairly presented ground 1 to the Nevada Supreme Court on direct appeal and that ground 1 is exhausted.

E.  Exhaustion of Ground 2

In ground 2, petitioner claims that the state committed prosecutorial misconduct when the prosecutor introduced evidence and testimony concerning two unrelated matters that had no relevance to the charged offenses and only served to prejudice him before the jury.  Petitioner claims that the state's conduct violated his right to due process and a fair trial under the Fifth and Fourteenth Amendments to the United States Constitution.  In particular, petitioner claims that the prosecutor committed misconduct by introducing the testimony of Detective Moniot and Officer Pettit concerning two prior incidents involving petitioner and introducing the evidence they obtained while investigating

1  those incidents.

2  Respondents argue that ground 2 is unexhausted because petitioner failed to present a

3  prosecutorial misconduct claim related to the testimony of Detective Moniot and Officer Pettit.

4  According to respondents, petitioner's claims of prosecutorial misconduct did not concern prior-bad-act

5  evidence.

6  The court concludes that petitioner exhausted ground 2 in his *pro se* original petition for writ

7  of habeas corpus filed in the Nevada Supreme Court.   In the petition, petitioner argued that his

8  conviction was obtained by police and prosecutorial misconduct.   (Exhibits to Third Am. Pet. Ex. 57 at

9  17, 23-24.)   In support of his argument, petitioner cited to sections of his state post-conviction petition

10  filed in the District Court discussing the testimony and evidence he challenges here in ground 2 of his

11  federal petition.   Thus, the court concludes that petitioner fairly presented ground 2 to the Nevada

12  Supreme Court in his *pro se* original petition for writ of habeas corpus and that ground 2 is exhausted.

13  Respondents contend that ground 2, even if it is exhausted, is nevertheless procedurally defaulted

14  because the Nevada Supreme Court concluded that petitioner's claims were procedurally barred when

15  it affirmed the District Court's denial of petitioner's post-conviction petition.

16  The Nevada Supreme Court denied petitioner's *pro se* original petition for writ of habeas corpus

17  on the merits on July 5, 2007.   The Nevada Supreme Court affirmed the District Court's denial of

18  petitioner's post-conviction petition on March 24, 2008.   The subsequent application of a state

19  procedural bar to claims that previously were considered on the merits in the state courts does not give

20  rise to a procedural default in the federal courts.  *See Cone v. Bell*, 556 U.S. 449, 466 (2009).   Therefore,

21  assuming without deciding that the Nevada Supreme Court found petitioner's claims contained in ground

22  2 to be procedurally barred, because such a determination occurred subsequent to its denial of

23  petitioner's *pro se* original petition for writ of habeas corpus on the merits, it does not give rise to the

24  procedural default of ground 2 in this court.

25  F.  Exhaustion of Ground 5

26  In ground 5, petitioner claims that he is in custody in violation of his right to be free of cruel and

27  unusual punishment as guaranteed by the Eighth Amendment to the United States Constitution.

28  Petitioner claims that his sentence of life without parole is cruel and unusual punishment because it is

1   wholly disproportionate to his offense.  According to petitioner, his conduct essentially amounted to no

2   more than loitering and staring at women and that a sentence of life without parole for such conduct

3   shocks the conscience and offends fundamental notions of human dignity.

4       Respondents argue that to the extent ground 5 raises a disproportionality claim, it is unexhausted

5   because the claim raised on direct appeal that is most similar to ground 5, direct appeal claim 7, was

6   expressly raised as a state law claim.

7       The court concludes that ground 5 is unexhausted.  To show that he exhausted ground 5,

8   petitioner points to the "addenda" to his opening brief submitted on appeal from the denial of his post-

9   conviction petition (ECF No. 12-12 at 31-40 and ECF No. 12-13 at 1-11) and his opening brief

10  submitted on direct appeal (Exhibits to Third Am. Pet. Ex. 32 at 23-23).  However, in neither document

11  did petitioner give the Nevada Supreme Court a fair opportunity to address a claim that his sentence is

12  disproportionate to his offense under the Eighth Amendment to the United States Constitution.

13  Although petitioner mentioned the federal constitution and cited to two United States Supreme Court

14  decisions in his opening brief on direct appeal, his claim, when viewed in the context of his argument

15  as a whole, was clearly asserted as a matter of state law.  At the beginning of his argument, petitioner

16  asserted that the sentencing judge abused his discretion and "violated [the] Nevada Constitution, Article

17  1, § 6 prohibiting imposition of cruel and unusual punishment."  (*Id*. Ex. 32 at 20.)  Near the end of his

18  argument, petitioner stated that "[i]t is clear from the above cited case law that the Nevada Constitution

19  does prohibit the infliction of cruel and unusual punishment."  (*Id*. Ex. 32 at 22.)  Petitioner discussed

20  federal law within his argument to elucidate the contours of Nevada state law—not to raise an

21  independent claim under the United States Constitution.  *See Galvan v. Ala. Dep't of Corr.*, 397 F.3d

22  1198, 1204 (9th Cir. 2005) (holding that citation to federal law in the context of an argument about

23  Alaska constitutional law is insufficient to exhaust a federal claim because "a petitioner has to have, at

24  the least, explicitly alerted the court that she was making a federal constitutional claim.")  Petitioner

25  failed to explicitly alert the Nevada Supreme Court that he was asserting a claim under the Eighth

26  Amendment to the United States Constitution.  Rather, petitioner cited to and relied on federal authority

27  in support of his claim under the Nevada Constitution.  Therefore, ground 5 is unexhausted.

28  ///

10

1    G. Exhaustion of Ground 6

2        In ground 6, petitioner claims that the trial court sentenced him as a habitual criminal to a life
3    sentence without parole in violation of his due process rights under the Fifth and Fourteenth
4    Amendments to the United States Constitution. Petitioner claims that the state failed to provide certified
5    copies of his prior convictions on which it relied for enhancement purposes. Additionally, petitioner
6    claims that the records regarding his convictions from Ohio raise a presumption of constitutional
7    infirmity because they do not demonstrate that he was represented by counsel when he entered a plea
8    to the charges. Because of these deficiencies in documentation, petitioner argues that the trial court was
9    without legal basis to adjudicate him a habitual criminal.

10       Respondents argue that ground 6 is unexhausted to the extent that it alleges that the sentencing
11   information relied on by the trial court was inaccurate. Respondents contend that to the extent that
12   ground 6 alleges that the prior judgments used to enhance petitioner's sentence did not show that he was
13   represented by counsel in those proceedings, the claim is exhausted but is, nevertheless, procedurally
14   defaulted.

15       First, the component of ground 6 that challenges the sufficiency of the documentation relied upon
16   by the trial court is unexhausted because petitioner failed to alert the Nevada Supreme Court that he was
17   raising a federal constitutional claim predicated on this legal theory. As discussed above, to achieve
18   exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the
19   United States Constitution" and given the opportunity to correct alleged violations of the prisoner's
20   federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106
21   (9th Cir. 1999). None of the documents to which petitioner points shows that he argued that his due
22   process rights under the United States Constitution were violated because of the inadequate
23   documentation regarding his prior convictions in Ohio and Montana. In his post-conviction proceedings
24   and *pro se* original petition for writ of habeas corpus, petitioner raised federal sentencing claims, but
25   he did not articulate the legal theory he presents here. (Exhibits to Third Am. Pet. Ex. 44 at 260-63, Ex.
26   56 at 76-77, Ex. 57 at 35.) In his motion to correct legal sentence, petitioner did not raise his claim as
27   a federal claim. (ECF No. 184 Ex. B at 2.) The federal case cited by petitioner in his motion, *Burgess*
28   *v. Texas*, 389 U.S. 109 (1967), was specifically presented in support of petitioner's second legal theory—

11

1   that his sentence violates due process because there was insufficient evidence that he was represented
2   by counsel in each prior conviction relied upon by the trial court to sentence him as a habitual criminal.
3   (*Id.*) Thus, the component of ground 6 that challenges the sufficiency of the documentation relied upon
4   by the trial court is unexhausted.

5          Second, petitioner's second claim in ground 6—that the records regarding his convictions from
6   Ohio raise a presumption of constitutional infirmity because they do not demonstrate that he was
7   represented by counsel when he entered a plea to the charges—is exhausted and not procedurally
8   defaulted. Petitioner raised this claim in his motion to correct illegal sentence (ECF No. 184 Ex. B at
9   2), which as discussed above, the Nevada Supreme Court denied on the merits. In raising this claim,
10  petitioner relied on *Burgess v. Texas*, 389 U.S. 109 (1967) (holding that under the United States
11  Constitution, a prior felony conviction cannot be used for sentence enhancement when the record of the
12  earlier proceeding does not show that the defendant had counsel or that he waived his right to counsel).

13         Additionally, this claim is not procedurally defaulted because the Nevada Supreme Court
14  addressed the claim on the merits in its last reasoned decision. Assuming without deciding that
15  respondents are correct that the Nevada Supreme Court imposed a procedural bar when it addressed this
16  claim in petitioner's post-conviction proceedings, such an imposition does not render the claim
17  procedurally defaulted when the state court subsequently reaches the merits of the claim. The Nevada
18  Supreme Court affirmed the District Court's denial of petitioner's post-conviction petition on March 24,
19  2008. The Nevada Supreme Court affirmed the denial of petitioner's motion to correct an illegal
20  sentence on June 8, 2011. "State procedural bars are not immortal . . .; they may expire because of later
21  actions by state courts. If the last state court to be presented with a particular federal claim reaches the
22  merits, it removes any bar to federal-court review that might otherwise have been available." *Ylst v.*
23  *Nunnemaker,* 501 U.S. 797, 801 (1991). Here, any procedural bar previously imposed was ignored by
24  the Nevada Supreme Court when it addressed petitioner's claim on the merits in affirming the denial of
25  petitioner's motion to correct an illegal sentence. Therefore, petitioner's second claim in ground 6, that
26  the records regarding his convictions from Ohio raise a presumption of constitutional infirmity because
27  they do not demonstrate that he was represented by counsel when he entered a plea to the charges, is
28  exhausted and not procedurally defaulted.

1          H.  Exhaustion of Ground 7(A)(1)

2          In ground 7(A)(1), petitioner claims that he is in custody in violation of his right to the effective

3    assistance of trial counsel under the Sixth and Fourteenth Amendments to the United States Constitution.

4    Specifically, petitioner argues that his trial counsel failed to investigate or speak with witnesses who

5    would refute the testimony of April Gagen.   Petitioner claims that two witnesses, Janelle Longino and

6    Linda Parks, would have testified that he did not follow Gagen home and that he did not threaten to harm

7    her as she testified.

8          Respondents argue that ground 7(A)(1) is unexhausted because petitioner did not present a claim

9    to the Nevada Supreme Court based on the facts he presents here.

10         The court concludes that ground 7(A)(1) is exhausted.  In his post-conviction petition, in ground

11   7, petitioner argued that his trial counsel was ineffective, in part, because of his failure to present the

12   testimony of Longino and Parks in order to discredit Gagen's testimony.  (Exhibits to Third Am. Pet.

13   Ex. 44 at 59, 64, 77-80.)  The Nevada Supreme Court affirmed the District Court's denial of this claim

14   on appeal.  (*Id*. Ex. 64 at 13.)  Thus, the court denies the motion to dismiss with respect to ground

15   7(A)(1).

16         I.  Exhaustion of Ground 7(A)(2)

17         In ground 7(A)(2), petitioner claims that his trial counsel was ineffective for failing to investigate

18   the scene of the alleged offenses and/or use information obtained by the investigator.  Petitioner alleges

19   that it was incumbent upon counsel to investigate the areas in which the acts took place to determine

20   whether the witnesses could actually see what they described for the jury.  In part, petitioner alleges that

21   his trial counsel failed to investigate the alleged stalking path along Tropicana Avenue.

22         Respondents argue that ground 7(A)(2) is unexhausted because petitioner did not specifically

23   challenge trial counsel's failure to investigate the scene of the stalking path along Tropicana Avenue and

24   at the 7-11 store.

25         The court concludes that ground 7(A)(2) is exhausted.  In the "addenda" to his post-conviction

26   petition, petitioner claimed that his trial counsel was ineffective because counsel "knew or should have

27   known," through adequate investigation, that the stalking path described by the victim was impossible

28   for petitioner to have followed.  (Exhibits to Third Am. Pet. Ex. 56 at 1-2.)  Petitioner claimed that he

13

asked trial counsel to investigate or personally view the area, but that counsel failed to do so. (*Id*.)  In affirming the District Court's denial of the post-conviction petition, the Nevada Supreme Court stated that it had "reviewed all documents that [petitioner] has submitted in proper person . . . ."  Thus, petitioner presented the factual basis of ground 7(A)(2) concerning the failure of counsel to investigate the stalking path to the Nevada Supreme Court through his "addenda."  Therefore, the court denies the motion to dismiss with respect to ground 7(A)(2).

### J.  Exhaustion of Ground 7(B)

In ground 7(B), petitioner claims that his trial counsel was ineffective for failing to impeach the witnesses who testified to seeing him either expose himself or commit a lewd act with evidence that contradicted their testimony.  Petitioner claims that his trial counsel failed to use the impeachment information that he obtained through investigation at trial.

Respondents argue that ground 7(B) is partially exhausted to the extent that it was raised in the post-conviction petition with respect to the sufficiency of trial counsel's cross-examination of the state's witnesses.

Ground 7(B) is exhausted.  In his post-conviction petition, petitioner argued that his trial counsel failed to adequately challenge the eyewitness trial testimony of April Gagen, Cassie Leffner, Ruth Garn, Caroline Fadely, Yvonne Stuart, Brandi Nilson, Sharon Spinelli, and Michelle Delavigne.  (Exhibits to Third Am. Pet. Ex. 44 at 40-47, 59-76, 82-83, 86-93.)  In addressing this claim, the Nevada Supreme Court stated:

> On the critical points at issue in this case, each eyewitness' trial testimony was substantially consistent with their prior statements and preliminary hearing testimony.   Counsel vigorously cross-examined each of the eyewitnesses respecting their perceptions of the events and any deficiencies in that regard . . . . Based on our careful review of the record on appeal and [petitioner's] arguments, we conclude that the district court did not err in denying this claim.

(*Id*. Ex. 64 at 11.)  Therefore, the court concludes that ground 7(B) is exhausted.

### K.  Exhaustion of Ground 7(C)

In ground 7(C), petitioner claims that his trial counsel was ineffective for failing to present exculpatory testimony.  Petitioner claims that his trial counsel did not present testimony from Longino

1    and Parks that would have refuted Gagen's testimony and much of the testimony of other witnesses.[3]

2    Respondents argue that ground 7(C) is partially exhausted to the extent it was raised in the post-

3    conviction petition with respect to the sufficiency of trial counsel's cross-examination of the state's

4    witnesses.

5    Ground 7(C) is only exhausted to the extent that it claims that trial counsel was ineffective for

6    failing to present testimony from Longino and Parks to refute Gagen's testimony and to refute testimony

7    from the Subway employees that they were in fear of petitioner.  However, ground 7(C) is unexhausted

8    in all other respects.

9    L.  Exhaustion of Ground 7(D)

10   In ground 7(D), petitioner claims that his trial counsel was ineffective because he failed to move

11   to dismiss the charges of open or gross lewdness on the ground that they are unconstitutional.  Petitioner

12   claims that the open or gross lewdness statute, Nev. Rev. Stat. § 201.210, is unconstitutionally vague

13   because it does not notify a person of ordinary intelligence fair notice of the forbidden conduct,

14   encourages arbitrary law enforcement, and that counsel's failure to move to dismiss the charge on that

15   basis fell below the minimum standard for effective representation.

16   Respondents argue that ground 7(D) is unexhausted because petitioner only presented the Nevada

17   Supreme Court with a constitutional challenge to the statute itself, not a claim that counsel was deficient

18   for not moving to dismiss charges on the basis that they are unconstitutional.

19   Ground 7(D) is unexhausted.  In ground 7(D) of his federal petition, petitioner claims that his

20   trial counsel was ineffective for failing to argue that Nev. Rev. Stat. § 201.210 is unconstitutionally

21   vague under the federal constitution because it does not notify a person of ordinary intelligence fair

22   notice of the forbidden conduct and encourages arbitrary law enforcement.  Petitioner failed to give the

23   Nevada Supreme Court a fair opportunity to address this claim.  None of the documents to which

24

25   [3]  In his opposition, petitioner appears to argue that trial counsel's failure to present exculpatory
     testimony from Caroline Fadely and Blair Abbott is an exhausted claim contained within ground 7(C).
26   As currently pled in the third amended petition, however, ground 7(C) only pertains to trial counsel's
     failure to present testimony from Longino and Parks.  In fact, in his petition, petitioner seems to argue,
27   by way of example, that counsel should have challenged Fadely's testimony with Longino's testimony,
     not that Fadely's testimony should have been presented as exculpatory testimony.  Therefore, the court
28   restricts its review concerning the exhaustion of ground 7(C) to the claim that trial counsel was
     ineffective for failing to present exculpatory testimony from Longino and Parks.

15

1   petitioner points show that he coherently or squarely articulated this claim. To exhaust a claim, a
2   petitioner must describe "both the operative facts and the federal legal theory on which his claim is based
3   so that the state courts might have a 'fair opportunity' to apply controlling legal principles to the facts
4   bearing upon his constitutional claim." *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005)
5   (quoting *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003)). In this case, petitioner scattered the basis
6   of this claim throughout his papers in such a manner as to deprive the Nevada Supreme Court of having
7   a fair opportunity to address the claim. Moreover, the specific argument he raises here—that trial
8   counsel should have argued that Nev. Rev. Stat. § 201.210 does not notify a person of ordinary
9   intelligence fair notice of the forbidden conduct and encourages arbitrary law enforcement—was not
10  presented to the Nevada Supreme Court. Therefore, the court concludes that ground 7(D) is
11  unexhausted.

12      M.  Exhaustion of Ground 7(E)

13      In ground 7(E), petitioner claims that his trial counsel was ineffective because he failed to object
14  to the state's use of his prior convictions from Montana and Ohio to enhance his sentence. Petitioner
15  claims that trial counsel should have challenged: (1) the state's failure to provide certified copies of the
16  judgments of conviction; and (2) the state's failure to establish that petitioner was represented by counsel
17  when he entered a plea to the charges in Ohio.

18      Respondents argue that ground 7(E) is mostly unexhausted. Respondents contend that the only
19  claims raised by petitioner is his state proceedings were that trial counsel was deficient for not objecting
20  to the Ohio prior conviction on the basis that the record did not show that petitioner was represented by
21  counsel in that proceeding, that the conviction was stale, and that specific findings were not made.

22      Ground 7(E) is partially exhausted and partially unexhausted. The claim in ground 7(E) that trial
23  counsel was ineffective because he did not challenge the state's failure to provide certified copies of the
24  judgments of conviction is unexhausted. In his federal petition presented here, petitioner contends that
25  Nev. Rev. Stat. § 207.010(1)(b) requires certified copies of the judgments of conviction to be used to
26  adjudicate a person a habitual criminal. Petitioner argues that the state's failure to provide certified
27  judgments of convictions does not comport with Nevada law, and thus, violates his federal constitutional
28  right to due process. In his state proceedings, petitioner argued that his trial counsel failed to present

argument that: (1) petitioner had not committed or been convicted of the crimes the state referenced in its sentencing memorandum; (2) that the state and the court were using facts and allegations never proven by a jury to sentence petitioner; and (3) that "unproven facts" were being used to sentence petitioner. (Exhibits to Third Am. Pet. Ex. 44 at 149-151, 260-61, Ex. 56 at 47-48.)   Petitioner's argument here, however, is a horse of a different color.   In his state proceedings, petitioner did not contend that his trial counsel failed to argue that the state had failed to comply with the dictates of Nev. Rev. Stat. § 207.010(1)(b).   Broadly speaking, in his state proceedings, petitioner sought to challenge his trial counsel's failure to dispute nearly all of the information presented at sentencing used to substantiate his sentence of life without parole.   But to exhaust, petitioner must present the legal and factual basis of his claim in such a manner as to give the Nevada Supreme Court a fair opportunity to address the claim.   Petitioner failed to adequately specify the legal basis of the claim concerning trial counsel's neglect in challenging the state's failure to produce certified judgments of conviction as required by Nev. Rev. Stat. § 207.010(1)(b).   Thus, the only aspect of ground 7(E) that is exhausted is the claim that trial counsel was deficient for not objecting to the Ohio prior conviction on the basis that the record did not show that petitioner was represented by counsel in that proceeding and that the conviction was stale.

### N.  Exhaustion of Ground 7(F)

In ground 7(F), petitioner claims that his appellate counsel was ineffective for failing to raise the claim that the prior convictions used to adjudicate petitioner as a habitual criminal did not comport with Nevada law.   Petitioner claims that appellate counsel should have challenged: (1) the state's failure to provide certified copies of the judgments of conviction; and (2) the state's failure to establish that petitioner was represented by counsel when he entered a plea to the charges in Ohio.

Respondents argue that ground 7(F) is unexhausted.   Respondents contend that the only claims raised by petitioner is his state proceedings were that appellate counsel was deficient for not objecting to the Ohio prior conviction on the basis that the record did not show that petitioner was represented by counsel in that proceeding, that the conviction was stale, and that specific findings were not made.

Ground 7(F) is partially exhausted and partially unexhausted for the same reasons as discussed above with respect to ground 7(E).   Similar to ground 7(E), ground 7(F), in part, argues that appellate

1   counsel was ineffective because he did not argue that the state's failure to provide certified copies of the

2   judgments of conviction did not comply with Nev. Rev. Stat. § 207.010(1)(b).  In his state proceedings,

3   petitioner argued that his appellate counsel failed to present argument that: (1) petitioner had not

4   committed or been convicted of the crimes the state referenced in its sentencing memorandum; (2) that

5   the state and the court were using facts and allegations never proven by a jury to sentence petitioner; (3)

6   that "unproven facts" were being used to sentence petitioner.  (Exhibits to Third Am. Pet. Ex. 44 at 152-

7   53, 260-61, Ex. 56 at 47-48.)  As discussed above, petitioner must present the legal and factual basis of

8   his claim in such a manner as to give the Nevada Supreme Court a fair opportunity to address the claim.

9   With respect to ground 7(F), petitioner failed to adequately specify the legal basis of the claim

10  concerning appellate counsel's neglect in challenging the state's failure to produce certified judgments

11  of conviction as required by Nev. Rev. Stat. § 207.010(1)(b).  Thus, the only aspect of ground 7(F) that

12  is exhausted is the claim that appellate counsel was deficient for not raising a claim on appeal concerning

13  the Ohio prior conviction on the basis that the record did not show that petitioner was represented by

14  counsel in that proceeding and that the conviction was stale.

15      O.  Exhaustion of Ground 12(A)

16      In ground 12(A), petitioner claims that his trial counsel was ineffective for failing to: (1)

17  challenge the sufficiency of the evidence for the stalking charge; (2) challenge the sufficiency of the

18  evidence on the open or gross lewdness charges; (3) challenge the constitutionality of Nevada's stalking

19  statute, both facially and as applied; (4) challenge the constitutionality of Nevada's open or gross

20  lewdness statute, both facially and as applied; (5) investigate develop, interview, and present evidence

21  from expert witness urologist Dr. John Dudek; (6) investigate develop, interview, and present evidence

22  from expert witness Dr. C. Phillip Colosimo; and (7) prevent the presentation of evidence from illegal

23  searches, seizures, and unmirandized interrogations at trial and sentencing.

24      Respondents argue that claims 12(A)(1), 12(A)(2), 12(A)(3), 12(A)(4), 12(A)(5), and 12(A)(6)

25  are unexhausted.

26      Grounds 12(A)(1) and 12(A)(2) regarding trial counsel's failure to challenge the sufficiency of

27  the evidence for the stalking charge and  trial counsel's failure to challenge the sufficiency of the

28  evidence on the open or gross lewdness charges are exhausted.  With respect to the stalking charge, in

his post-conviction proceedings, petitioner claimed that trial counsel did not file pre-trial motions challenging the stalking charge or present evidence or defenses at trial contradicting the state's evidence on each element of the stalking charge. (Exhibits to Third Am. Pet. Ex. 44 at 119-26.) With respect to the open or gross lewdness charges, in his post-conviction proceedings, petitioner claimed that trial counsel did not file pre-trial motions attacking the open or gross lewdness charges or present evidence or defenses at trial contradicting the state's evidence on the elements of the open or gross lewdness charges. (*Id.* Ex. 44 at 11-12, Ex. 56 at 54-64.) Thus, the court denies respondents' motion to dismiss with respect to grounds 12(A)(1) and 12(A)(2) because the claims they seek to dismiss are exhausted.

Ground 12(A)(3) is exhausted. In his post-conviction proceedings, in his opening brief, petitioner argued that his trial counsel was ineffective because he failed to challenge the constitutionality of Nevada's stalking statute, both facially and as applied. (Exhibits to Third Am. Pet. Ex. 56 at 65-66.)

Ground 12(A)(4) is exhausted. In his post-conviction proceedings, in his opening brief, petitioner argued that his trial counsel was ineffective because he failed to challenge the constitutionality of Nevada's open or gross lewdness statute, both facially and as applied. (*Id.*)

Ground 12(A)(5) is exhausted. In his post-conviction petition, petitioner claimed that his trial counsel was ineffective because he failed to know of and present exculpatory evidence from Dr. Dudek. (*Id.* Ex. 44 at 63-64, 69-71, 88-89, 106.)

Ground 12(A)(6) is exhausted. In his post-conviction petition, petitioner claimed that his trial counsel was ineffective because he failed to know of and present evidence from Dr. Colosimo. (*Id.* Ex. 44 at 63-64, 106.)

P.  Exhaustion of Ground 12(B)

In ground 12(B), petitioner claims that his appellate counsel was ineffective because counsel: (1) represented petitioner despite having a conflict of interest and failed to effectively communicate with petitioner; (2) failed to argue that insufficient evidence supported the stalking charge and the open or gross lewdness charges, failed to challenge numerous issues of altered stories, hearsay, perjury, prosecutorial misconduct, and failed to challenge trial court error and trial court abuse of discretion; and (3) failed to challenge the constitutionality of Nevada's stalking statute and open or gross lewdness statute, both facially and as applied.

1    Respondents argue that the only parts of ground 12(B)(2) that are exhausted are the portion
2    concerning appellate counsel's failure to challenge the sufficiency of the evidence for the stalking charge
3    and the portion concerning counsel's failure to raise hearsay and perjury claims.    Additionally,
4    respondents contend that all of ground 12(B)(3) is unexhausted.

5    Ground 12(B)(2) is partially exhausted and partially unexhausted.   As correctly stated by
6    respondents, the portion of ground 12(B)(2) concerning appellate counsel's failure to challenge the
7    sufficiency of the evidence for the stalking charge is exhausted.   Additionally, the portion of ground
8    12(B)(2) concerning appellate counsel's failure to raise hearsay and perjury claims, counsel's failure to
9    raise issues of prosecutorial misconduct, and counsel's failure to raise trial court error regarding
10   admitting previously suppressed evidence, its failure to give jury instructions regarding lesser included
11   offenses, and its imposition of an illegal sentence is exhausted.  (Exhibits to Third Am. Pet. Ex. 44 at
12   152-54 (incorporating by reference pages 155, 239-41, 246-47, 260-62).)  However, petitioner's claim
13   in ground 12(B)(2) that appellate counsel failed to challenge the sufficiency of the evidence for the open
14   or gross lewdness charges is unexhausted.  None of the documents to which petitioner points show that
15   he gave the Nevada Supreme Court a fair opportunity to address this claim.

16   Ground 12(B)(3) is exhausted.  In his post-conviction proceedings, in his opening brief, petitioner
17   argued that his appellate counsel was ineffective because he failed to challenge the constitutionality of
18   Nevada's stalking statute and Nevada's open or gross lewdness statute, both facially and as applied.
19   (Exhibits to Third Am. Pet. Ex. 56 at 65-66.)

20   Q.  Procedural Default Legal Standard

21   "Procedural default" refers to the situation where a petitioner in fact presented a claim to the state
22   courts but the state courts disposed of the claim on procedural grounds, instead of on the merits.   A
23   federal court will not review a claim for habeas corpus relief if the decision of the state court regarding
24   that claim rested on a state law ground that is independent of the federal question and adequate to
25   support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

26   The *Coleman* Court stated the effect of a procedural default, as follows:

27                In all cases in which a state prisoner has defaulted his federal claims in
                 state court pursuant to an independent and adequate state procedural rule,
28               federal habeas review of the claims is barred unless the prisoner can

20

1
2

> demonstrate cause for the default and actual prejudice as a result of the
> alleged violation of federal law, or demonstrate that failure to consider
> the claims will result in a fundamental miscarriage of justice.

3  *Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural

4  default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal

5  habeas cases. *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).

6      To demonstrate cause for a procedural default, the petitioner must be able to "show that some

7  *objective factor external to the defense* impeded" his efforts to comply with the state procedural rule.

8  *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have

9  prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

10 Ineffective assistance of counsel may satisfy the cause requirement to overcome a procedural default.

11 *Murray*, 477 U.S. at 488. However, for ineffective assistance of counsel to satisfy the cause

12 requirement, the independent claim of ineffective assistance of counsel, itself, must first be presented

13 to the state courts. *Murray*, 477 U.S. at 488-89. In addition, the independent ineffective assistance of

14 counsel claim cannot serve as cause if that claim is procedurally defaulted. *Edwards v. Carpenter*, 529

15 U.S. 446, 453 (2000). With respect to the prejudice prong of cause and prejudice, the petitioner bears:

16
17

> the burden of showing not merely that the errors [complained of]
> constituted a possibility of prejudice, but that they worked to his actual
> and substantial disadvantage, infecting his entire [proceeding] with errors
> of constitutional dimension.

18

19 *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170

20 (1982)). If the petitioner fails to show cause, the court need not consider whether the petitioner suffered

21 actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530

22 n.3 (9th Cir. 1988).

23      R.  Procedural Default of Ground 2

24      In ground 2, petitioner claims that the state committed prosecutorial misconduct when the

25 prosecutor introduced evidence and testimony concerning two unrelated matters that had no relevance

26 to the charged offenses and only served to prejudice him before the jury. Petitioner claims that the

27 state's conduct violated his right to due process and a fair trial under the Fifth and Fourteenth

28 Amendments to the United States Constitution. In particular, petitioner claims that the prosecutor

21

1    committed misconduct by introducing the testimony of Detective Moniot and Officer Pettit concerning

2    two prior incidents involving petitioner and introducing the evidence they obtained while investigating

3    those incidents.

4        As discussed in above subsection E, the subsequent application of a state procedural bar to claims

5    that previously were considered on the merits in the state courts does not give rise to a procedural default

6    in the federal courts.  *See Cone v. Bell*, 556 U.S. 449, 466 (2009).  Therefore, assuming without deciding

7    that the Nevada Supreme Court found petitioner's claims contained in ground 2 to be procedurally

8    barred, because such a determination occurred subsequent to its denial of petitioner's *pro se* original

9    petition for writ of habeas corpus on the merits, it does not give rise to the procedural default of ground

10   2 in this court.

11       S.  Procedural Default of Ground 6

12       In ground 6, petitioner claims that the trial court sentenced him as a habitual criminal to a life

13   sentence without parole in violation of his due process rights under the Fifth and Fourteenth

14   Amendments to the United States Constitution.  Petitioner claims that the state failed to provide certified

15   copies of his prior convictions on which it relied for enhancement purposes.  Additionally, petitioner

16   claims that the records regarding his convictions from Ohio raise a presumption of constitutional

17   infirmity because they do not demonstrate that he was represented by counsel when he entered a plea

18   to the charges.  Because of these deficiencies in documentation, petitioner argues that the trial court was

19   without legal basis to adjudicate him a habitual criminal.

20       As discussed above in subsection G, the component of ground 6 that challenges the sufficiency

21   of the documentation relied upon by the trial court is unexhausted because petitioner failed to alert the

22   Nevada Supreme Court that he was raising a federal constitutional claim predicated on this legal theory.

23   However, petitioner's second claim in ground 6— that the records regarding his convictions from Ohio

24   raise a presumption of constitutional infirmity because they do not demonstrate that he was represented

25   by counsel when he entered a plea to the charges—is exhausted and not procedurally defaulted.  Because

26   any prior procedural bar imposed by the Nevada Supreme Court was ignored when it addressed

27   petitioner's second claim on the merits when it affirmed the denial of petitioner's motion to correct an

28   illegal sentence, the second claim is not procedurally defaulted.

1          T.  Procedural Default of Ground 9

2          In ground 9, petitioner claims that his convictions for open or gross lewdness violate his due

3   process rights under the Fifth and Fourteenth Amendments to the United States Constitution because

4   there was insufficient evidence to support his convictions and there was evidence of his actual

5   innocence.   Petitioner contends that the term "masturbation" in Nev. Rev. Stat. § 201.210 is

6   insufficiency defined, leaving its meaning ambiguous.   Petitioner argues that the evidence presented at

7   trial fails to show that his particular acts were acts of "masturbation."

8          Respondents argue that ground 9 is procedurally defaulted because petitioner failed to properly

9   raise this claim on direct appeal, and that the Nevada Supreme Court invoked a procedural bar when

10  petitioner raised this claim in his post-conviction proceedings.

11         Petitioner raised the claim he asserts in ground 9 of his federal petition in ground 42 of his state

12  post-conviction petition.   In affirming the District Court's denial of petitioner's post-conviction petition

13  on ground 42, the Nevada Supreme Court concluded that the claims in grounds 20 through 57 "were

14  appropriate for direct appeal and therefore procedurally barred absent a showing of good cause for not

15  raising them previously and actual prejudice. [fn 35] See NRS 34.810(1)(b), (3)."   (Exhibits to Third

16  Am. Pet. Ex. 64 at 32.)  The Nevada Supreme Court concluded that petitioner failed to demonstrate good

17  cause or prejudice and that the District Court did not err in denying this claim.   (*Id*.)   The Nevada

18  Supreme Court explicitly relied on Nev. Rev. Stat. § 34.810 as a procedural bar when it declined to

19  review the claim.   (*Id*.).   The Ninth Circuit Court of Appeals has held that, at least in non-capital cases,

20  application of the procedural bar at issue in this case – Nev. Rev. Stat. § 34.810 – is an independent and

21  adequate state ground.   *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v.*

22  *Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999).   Therefore, this court finds that the Nevada Supreme

23  Court's holding that ground 42 of the state post-conviction petition is procedurally barred under Nev.

24  Rev. Stat. § 34.810(1)(b) and Nev. Rev. Stat. § 34.810(3) was an independent and adequate ground for

25  the court's dismissal.

26         As discussed above, if a claim is procedurally defaulted, federal habeas review of the claim is

27  barred unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the

28  alleged violation of federal law, or demonstrate that failure to consider the claims will result in a

1    fundamental miscarriage of justice.  *Coleman*, 501 U.S. at 750.

2         First, petitioner argues that the ineffective assistance of his appellate counsel in failing to raise

3    the claim contained in ground 9 constitutes cause and prejudice to excuse his procedural default.

4    Ineffective assistance of counsel may satisfy the cause requirement to overcome a procedural default.

5    *Murray*, 477 U.S. at 488.    However, for ineffective assistance of counsel to satisfy the cause

6    requirement, the independent claim of ineffective assistance of counsel, itself, must first be exhausted

7    in state court.  *Murray*, 477 U.S. at 488-89; *see Park v. California*, 202 F.3d 1146, 1155 (9th Cir. 2000).

8    In ground 12(B)(2) of his federal petition, petitioner claims, in part, that his appellate counsel was

9    ineffective for failing to argue that insufficient evidence supported the open or gross lewdness charges.

10   As discussed above in subsection P, this claim is unexhausted.  Thus, it may not constitute "cause" to

11   excuse petitioner's default on ground 9.

12        Second, petitioner argues that the court's failure to consider ground 9 will result in a fundamental

13   miscarriage of justice.  A petitioner can avoid the application of the procedural default doctrine by

14   demonstrating that the federal court's failure to consider his claims will result in a fundamental

15   miscarriage of justice.  To prove a "fundamental miscarriage of justice," petitioner must show that the

16   constitutional error of which he complains "has probably resulted in the conviction of one who is

17   actually innocent." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citing *Murray*, 477 U.S. at 496).

18   "Actual innocence" is established when, in light of all of the evidence, "it is more likely than not that

19   no reasonable juror would have convicted [the petitioner]."  *Bousley v. United States*, 523 U.S. at 623

20   (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)).  "'[A]ctual innocence' means factual innocence,

21   not mere legal insufficiency." *Bousley v. United States*, 523 U.S. at 623.  Petitioner can make a showing

22   of "actual innocence" by presenting the court with new evidence which raises a sufficient doubt as "to

23   undermine confidence in the result of the trial."  *Schlup v. Delo*, 513 U.S. at 324.

24        In *Dretke v. Haley*, 541 U.S. 386, 393-94 (2004), the United States Supreme Court held that "a

25   federal court faced with allegations of actual innocence, whether of the sentence or of the crime charged,

26   must first address all nondefaulted claims for comparable relief and other grounds for cause to excuse

27   the procedural default."  Accordingly, the court defers ruling on petitioner's actual innocence argument

28   until the merits of the remaining non-defaulted claims are addressed.  Both respondents and petitioner

                                         24

1  shall brief the issue, in the answer and reply, of whether a "fundamental miscarriage of justice" should

2  provide the gateway by which this court addresses ground 9, despite it having been procedurally

3  defaulted.

4         U.  Procedural Default of Ground 10

5       In ground 10, petitioner claims that Nevada's criminal stalking statute, Nev. Rev. Stat. § 200.575,

6  is vague and overbroad, on its face and as applied to petitioner, in violation of the First, Fifth, and

7  Fourteenth Amendments to the United States Constitution.   Petitioner claims that his conviction for

8  stalking is unconstitutional because the stalking statute is unconstitutional.

9       Respondents argue that ground 10 is procedurally defaulted because petitioner failed to properly

10  raise this claim on direct appeal, and that the Nevada Supreme Court invoked a procedural bar when

11  petitioner raised this claim in his post-conviction proceedings.

12       Petitioner raised the claim he asserts in ground 10 of his federal petition in ground 37 of his state

13  post-conviction petition.   As discussed above with respect to ground 9, in affirming the District Court's

14  denial of petitioner's post-conviction petition, the Nevada Supreme Court concluded that the claims in

15  grounds 20 through 57 "were appropriate for direct appeal and therefore procedurally barred absent a

16  showing of good cause for not raising them previously and actual prejudice. [fn 35] See NRS

17  34.810(1)(b), (3)." (Exhibits to Third Am. Pet. Ex. 64 at 32.)  The Nevada Supreme Court concluded

18  that petitioner failed to demonstrate good cause or prejudice and that the District Court did not err in

19  denying this claim.  (*Id*.)  The Nevada Supreme Court explicitly relied on Nev. Rev. Stat. § 34.810 as

20  a procedural bar when it declined to review the claim.  (*Id*.).  As previously explained, the Ninth Circuit

21  Court of Appeals has held that, at least in non-capital cases, application of the procedural bar at issue

22  in this case – Nev. Rev. Stat. § 34.810 – is an independent and adequate state ground.  *Vang v. Nevada*,

23  329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir.

24  1999).  Therefore, this court finds that the Nevada Supreme Court's holding that ground 37 of the state

25  post-conviction petition is procedurally barred under Nev. Rev. Stat. § 34.810(1)(b) and Nev. Rev. Stat.

26  § 34.810(3) was an independent and adequate ground for the court's dismissal.

27       As mentioned previously, if a claim is procedurally defaulted, federal habeas review of the claim

28  is barred unless the petitioner can demonstrate cause for the default and actual prejudice as a result of

1   the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a
2   fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

3          Petitioner argues that the ineffective assistance of his appellate counsel in failing to raise the
4   claim contained in ground 10 constitutes cause and prejudice to excuse his procedural default.  Petitioner
5   also argues that the court's failure to consider ground 10 will result in a fundamental miscarriage of
6   justice.   Petitioner raises the claim that appellate counsel was ineffective for failing to challenge the
7   constitutionality of Nevada's stalking statute and open or gross lewdness statute, both facially and as
8   applied in ground 12(B)(3) of his federal petition.  As discussed in subsection P, ground 12(B)(3) is
9   exhausted.    The court has determined that the analysis of cause and prejudice and fundamental
10  miscarriage of justice issues in ground 10 are closely related to the analysis on the substantive merits of
11  ground 12(B)(3) .   Therefore, the court will defer ruling on the cause and prejudice issue until the merits
12  of the petition are fully briefed.    Respondents and petitioner shall address the issue of the procedural
13  default of ground 10 in the answer and reply brief.

14  **IV. Petitioner's Options Regarding Unexhausted Claims**

15         A federal court may not entertain a habeas petition unless the petitioner has exhausted available
16  and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509,
17  510 (1982).   A "mixed" petition containing both exhausted and unexhausted claims is subject to
18  dismissal. *Id.*  In the instant case, the court finds the following grounds to be unexhausted:

19         •      Ground 5;
20         •      Ground 6, in part.  The component of ground 6 that challenges the sufficiency of the
21                documentation relied upon by the trial court is unexhausted;
22         •      Ground 7(C), in part.  Any claims beyond the claim that trial counsel was ineffective for
23                failing to present testimony from Longino and Parks to refute Gagen's testimony and to
24                refute testimony from the Subway employees that they were in fear of petitioner.
25         •      Ground 7(D);
26         •      Ground 7(E), in part.  The component of ground 7(E) that trial counsel was ineffective
27                because he did not challenge the state's failure to provide certified copies of the
28                judgment of conviction is unexhausted;

- Ground 7(F), in part.   The component of ground 7(E) that appellate counsel was ineffective because he did not challenge the state's failure to provide certified copies of the judgment of conviction is unexhausted;

- Ground 12(B)(2), in part.   The component of ground 12(B)(2) concerning appellate counsel's failure to challenge the sufficiency of the evidence for the open or gross lewdness charges is unexhausted.

Because the court finds that the petition is a "mixed petition," containing both exhausted and unexhausted claims, petitioner has these options:

1.   He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

2.   He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

3.   He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

See *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this Court, will result in his federal habeas petition being dismissed.   Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

**V. Conclusion**

**IT IS THEREFORE ORDERED** that petitioner's motion for further briefing (ECF No. 241) and petitioner's motion for discovery regarding exhaustion and procedural default (ECF No. 238) are **DENIED.**

**IT IS FURTHER ORDERED** that respondents' motion to dismiss (ECF No. 220) is **GRANTED in part, and DENIED in part**, as follows:

1. The motion to dismiss ground 5, part 1 of ground 6, part of ground 7(C), ground 7(D), part of ground 7(E), part of ground 7(F), and part of ground 12(B)(2) as unexhausted is **GRANTED;**

2.   The motion to dismiss ground 1, ground 2, part 2 of ground 6,  ground 7(A)(1), ground 7(A)(2), ground 7(B), ground 12(A)(1)-(6), ground 12(B)(3) as unexhausted is **DENIED;**

3.   The motion to dismiss ground 2 and ground 6 as procedurally defaulted is **DENIED;**

4.   The motion to dismiss ground 9 and ground 10 as procedurally defaulted is **DENIED without prejudice.**  Respondents and petitioner shall brief the  following cause and prejudice issues in the answer and reply: (1) whether a "fundamental miscarriage of justice" should provide the gateway by which this court addresses ground 9, despite it having been procedurally defaulted; (2) whether the ineffective assistance of his appellate counsel in failing to raise the claim contained in ground 10 constitutes cause and prejudice to excuse his procedural default, and (3) whether a "fundamental miscarriage of justice" should provide the gateway by which this court addresses ground 10, despite it having been procedurally defaulted.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to either: **(1)** inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; **OR (2)** inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; **OR (3)** file a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims.  If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief.  The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

///

///

///

1

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time
2  permitted, this case may be dismissed.

3

4       Dated this 27th day of July, 2012.

5

6

                          _____
7                           LARRY R. HICKS
                           UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28