1
2
3
4
5
6                    **UNITED STATES DISTRICT COURT**

7                         **DISTRICT OF NEVADA**

8

9    KENNETH FRIEDMAN,                    )
10                  Petitioner,            )        3:07-cv-00338-LRH-VPC
                                           )
11   vs.                                   )
                                           )        **ORDER**
12                                         )
     STATE OF NEVADA, *et al.,*            )
13                                         )
                  Respondents.            )
14                                         )
     _____ /
15

16          This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a

17   state prisoner, is proceeding *pro se.* Before the court is respondents' motion to dismiss. (ECF No. 220.)

18   Petitioner has opposed the motion (ECF Nos. 222, 224, 265), and respondents have replied (ECF No.

19   236). Before turning to the motion to dismiss, the court addresses petitioner's motion for further briefing

20   (ECF No. 241) and motion for discovery pertaining to exhaustion and procedural default (ECF No. 238).

21   **I. Motion for Further Briefing (ECF No. 241)**

22          Petitioner moves for leave to file further briefing regarding respondents' arguments that several

23   of his claims are unexhausted or procedurally defaulted. (ECF No. 241.) Having thoroughly reviewed

24   the record and the papers presented by the parties, the court concludes that further briefing is unnecessary

25   for it to rule on respondents' motion to dismiss. Accordingly, the court denies petitioner's motion for

26   further briefing.

27   **II. Motion for Discovery Regarding Exhaustion and Procedural Default (ECF No. 238)**

28          Petitioner moves for leave to conduct discovery regarding the exhaustion and procedural default

of his claims. (ECF No. 238.) Petitioner attaches a variety of discovery requests in which he seeks concessions from respondents concerning various legal arguments made by petitioner in opposing the motion to dismiss. As correctly noted by respondents, petitioner's motion for discovery, and accompanying discovery requests, do not pertain to the discovery of facts. Rather, petitioner presents several admissions, interrogatories, and requests for production of documents that essentially demand that respondents concede the correctness of petitioner's legal arguments. The tools of discovery are used to develop the *factual* basis of petitioner's claims, not to litigate the merits of petitioner's legal arguments. Accordingly, the court denies petitioner's motion for discovery regarding exhaustion and procedural default.

**III. Motion to Dismiss (ECF No. 220)**

    A. Background and Procedural History

        On February 27, 2004, the State of Nevada filed an amended information in the Eighth Judicial District Court for the State of the Nevada ("District Court") charging petitioner, Kenneth Andrew Friedman, with one count of aggravated stalking, four counts of indecent exposure, and seven counts of open or gross lewdness. (Exhibits to Third Am. Pet. Ex. 19, ECF No. 145.)[1] After a jury trial, the jury returned a verdict finding petitioner guilty of all counts. (*Id*. Ex. 21.) The District Court adjudicated petitioner a habitual criminal and sentenced petitioner to life without the possibility of parole for the aggravated stalking count. (*Id*. Ex. 18.) The District Court sentenced petitioner to terms of twelve months for each of the other counts, with each count concurrent to the life sentence and each other. (*Id*.) The District Court issued its amended judgment of conviction on May 7, 2004. (*Id*. Ex. 27.) Petitioner appealed. (*Id*. Ex. 26.) On November 16, 2005, the Nevada Supreme Court affirmed Petitioner's convictions. (*Id*. Ex. 42.)

        During the pendency of his direct appeal, petitioner filed two *pro se* petitions for a writ of mandamus with the Nevada Supreme Court (*Id*. Ex. 29, Ex. 33), both of which were denied (*Id*. Ex. 30, Ex. 36).

        On February 8, 2006, petitioner filed a *pro se* post-conviction petition and "addenda" in the

---

    [1]   The exhibits referenced in this order are found in the court's record at ECF Nos. 140-154, 184, and 257.

District Court. (*Id*. Ex. 44, Ex. 45.) Without holding an evidentiary hearing, the District Court denied post-conviction relief on December 23, 2006. (*Id*. Ex. 49, Ex. 55.) Petitioner appealed the denial to the Nevada Supreme Court. (*Id*. Ex. 54.) On March 24, 2008, the Nevada Supreme Court affirmed the District Court's decision. (*Id*. Ex. 64.)

During the pendency of his appeal from the District Court's denial of his post-conviction petition, petitioner filed a *pro se* petition for writ of habeas corpus in the Nevada Supreme Court. (*Id*. Ex. 57.) On July 5, 2007, the Nevada Supreme Court denied the petition. (*Id*. Ex. 58.)

Petitioner filed his federal petition for writ of habeas corpus in this court on July 31, 2007. (ECF No. 1.) On January 11, 2010, the court appointed counsel to represent petitioner. (ECF No. 130.) Through counsel, petitioner filed his third amended petition on October 1, 2010. (ECF No. 139.) On February 7, 2011, the court granted petitioner's counsel's motion to withdraw due to an irreconcilable conflict. (ECF No. 165.) Subsequently, the court allowed petitioner to file a *pro se* supplement to his petition (ECF No. 172), which is located in the court's record at ECF No. 166.

Respondents move to dismiss several grounds in the petition and supplement because they are unexhausted or procedurally defaulted.

B. Exhaustion Legal Standard

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve

exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted). However, citation to state caselaw that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984).

### C. Proper Presentation Required for Exhaustion

The exhaustion doctrine requires that each claim be fairly presented to the state's highest court. *See Castille v. Peoples*, 489 U.S. 346 (1989). Although the exhaustion doctrine requires only the presentation of each federal claim to the highest state court, the claims must be presented in a posture that is acceptable under state procedural rules. *See Sweet v. Cupp,* 640 F.2d 233 (9th Cir. 1981). Exhaustion cannot be achieved by a procedurally deficient or improper means. *Castille*, 489 U.S. at 351.[2] A state may mandate a particular procedure to be used to the exclusion of other avenues for

---

[2] A situation of procedural deficiency is distinguishable from a situation where a claim is presented to the state court using proper procedures but where relief on the merits is precluded for some procedural reason, such as untimeliness or failure to raise the claim on direct appeal. The former represents an exhaustion problem while the latter represents a procedural default problem.

seeking relief, so long as the right of review is not foreclosed or unduly limited. *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987).

First, under Nevada law, the Nevada Supreme Court will not consider issues raised for the first time in a reply brief. *See Browning v. State*, 120 Nev. 347, 368, n. 53 (2004) ("NRAP 28(c) does not allow the raising of new claims in reply briefs; it limits a reply brief to addressing new matters raised in the answering brief."). Thus, to the extent petitioner argues that certain grounds in his petition were exhausted via arguments raised for the first time in his reply brief, his argument is unavailing.

Second, under Nevada law, a party appearing before the Nevada Supreme Court may only file papers in *pro se* with leave of the court. Nev. R. App. P. 46(b); *see Johnson v. State*, 89 P.3d 669, 671 n. 10 (Nev. 2004). Documents filed in *pro se* by a represented party who is not granted permission to file *pro se* papers are returned to the party unfiled. *See Johnson*, 89 P.3d at 671 n. 10. In this case, petitioner contends that he exhausted certain grounds through *pro se* papers presented to the Nevada Supreme Court on direct appeal. Petitioner was represented on direct appeal, and these documents were returned to petitioner unfiled. (ECF No. 12 at 2092-2106.) Thus, petitioner's *pro se* documents submitted on direct appeal were submitted in a procedurally deficient manner and cannot constitute the means by which to achieve exhaustion.

Third, petitioner points to his petitions for a writ of mandamus as having exhausted certain claims. In *Chambers v. McDaniel*, 549 F.3d 1191, 1195-99 (9th Cir. 2008), the Ninth Circuit Court of Appeals held that the Supreme Court of Nevada had rejected an original petition "on the merits" and that the claims contained in the petition were thus exhausted. The Ninth Circuit held that the Nevada Supreme Court's order constituted a disposition on the merits because the Nevada Supreme Court stated in the body of the order that "[w]e have considered the petition on file herein, and we are not satisfied that this court's intervention by way of extraordinary relief is warranted at this time." *Id*. In further support of its conclusion, the Ninth Circuit pointed to the Nevada Supreme Court's statement in a footnote that "[w]e have considered all proper person documents filed or received in this matter, and we conclude that the relief requested is not warranted." *Id*. Because the Nevada Supreme Court "considered" all materials filed and then "concluded that relief is not warranted, the Ninth Circuit held that the language used by the Nevada Supreme Court "strongly suggest[ed] that such a 'conclusion' is

on the merits . . . and cannot be fairly characterized as merely procedural." *Id*. (internal quotations and citations omitted). The Ninth Circuit held that "unless a court expressly (not implicitly) states that it is relying upon a procedural bar, we must construe an ambiguous state court response as acting on the merits of a claim, if such a construction is plausible." *Id*.

Here, the Nevada Supreme Court denied both of petitioner's petitions for a writ of mandamus. (Exhibits to Third Am. Pet. Ex. 30, Ex. 36.) In both orders, the Nevada Supreme Court stated: "We have considered the petition on file herein, and we are not satisfied that this court's intervention by way of extraordinary relief is warranted at this time." (*Id*.) This language is identical to the language in *Chambers*, and thus, constitutes a decision on the merits. Accordingly, the court will evaluate the documents submitted by petitioner in seeking petitions for a writ of mandamus in determining whether certain grounds are exhausted.

Fourth, petitioner argues that he exhausted certain claims through his *pro se* original petition for writ of habeas corpus filed directly with the Nevada Supreme Court. In denying the petition, the Nevada Supreme court stated: "We have reviewed all documents submitted to this court, and we conclude that this court's extraordinary review is not warranted. A challenge to the validity of the judgment of conviction and sentence must be raised in a post-conviction petition for writ of habeas corpus filed in the district court in the first instance." (*Id*. Ex. 58.) Respondents contend that this language differs from that in *Chambers* because in this case, the Nevada Supreme Court "reviewed" the documents as opposed to "considering" them. The court concludes that this is a distinction without a difference and rejects this argument. Additionally, according to respondents, unlike in *Chambers*, in this case, the Nevada Supreme Court indicated that the petition was procedurally deficient by citing to Nev. Rev. Stat. § 34.724 and informing petitioner that he must file his post-conviction petition in district court. The court also rejects this argument. In *Chambers*, the Ninth Circuit noted that the Nevada Supreme Court is capable of clearly and unambiguously denying a petition for a discretionary writ on procedural grounds by stating that it declines to exercise its original jurisdiction to consider the petition. *Chambers*, 549 F.3d at 1198 (discussing *Hosier v. State*, 121 Nev. 409, 117 P.3d 212, 213 (Nev. 2005) (per curiam)). As in *Chambers*, the Nevada Supreme Court did not state in this case that it was declining to exercise its original jurisdiction. Thus, the court concludes that the Nevada Supreme Court's citation to Nev.

Rev. Stat. § 34.724 and statement to petitioner that he must file his post-conviction petition in district court is not an express invocation of a procedural bar. Rather, the Nevada Supreme Court's denial of petitioner's original habeas corpus petition is plausibly construed as a decision on the merits.

Fifth, petitioner argues that he exhausted certain grounds in his motion to correct illegal sentence. Under Nevada law, two types of post-conviction challenges to judgments of conviction are excepted from the Nevada post-conviction statues: (1) a motion to modify a sentence based on very narrow due process grounds and (2) a motion to correct a facially illegal sentence. *Edwards v. State*, 918 P.2d 321, 323-24 (Nev. 1996). "Motions to correct illegal sentences address only the facial legality of a sentence." *Id*. at 324. Thus, "[a] motion to correct an illegal sentence is an appropriate vehicle for raising the claim that a sentence is facially illegal at any time; such a motion cannot, however, be used as a vehicle for challenging the validity of a judgment of conviction or sentence based on alleged errors occurring at trial or sentencing." In this case, petitioner filed a motion to correct illegal sentence, challenging the facial validity of his sentence. (ECF No. 184 Ex. B.) The Nevada Supreme Court affirmed the District Court's denial of the motion because "petitioner failed to demonstrate that his sentence was facially illegal or that the district court lacked jurisdiction." (*Id*. Ex. A.) Thus, the Nevada Supreme Court reached the merits of petitioner's motion. Consequently, this court will review petitioner's motion to correct illegal sentence in addressing the exhaustion of the grounds presented in petitioner's federal petition.

In sum, to ascertain whether petitioner has exhausted the grounds of his federal petition, this court will review the documents submitted through counsel on direct appeal, documents presented in conjunction with both *pro se* petitions for writ of mandamus, documents presented in conjunction with the *pro se* original petition for writ of habeas corpus filed in the Nevada Supreme Court, documents presented in conjunction with the *pro se* petition for post-conviction relief, and documents submitted in conjunction with the *pro se* motion to correct illegal sentence. However, the court will not consider petitioner's *pro se* submissions on direct appeal or arguments raised by counsel for the first time in the reply on direct appeal.

D.  Exhaustion of Ground 1

In ground 1, petitioner claims that the cumulative errors of the trial court in admitting certain evidence violated his right to due process and a fair trial under the Fifth, Sixth, and Fourteenth

Amendments to the United States Constitution. Specifically, petitioner contends that the trial court erred in allowing testimony from Detective Moniot, allowing testimony from Officer Pettit, and allowing testimony regarding, and admitting into evidence, certain items seized pursuant to a search warrant. Petitioner argues that all of this evidence was irrelevant and highly prejudicial.

Respondents argue that ground 1 is unexhausted because the claims concerning this evidence raised on direct appeal were raised as issues of state law and not as federal constitutional claims.

As discussed above, to achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). On direct appeal, petitioner argued that the cumulative error of the trial court in admitting certain evidence resulted in the denial of the "constitutional right to a fair trial." (Exhibits to Third Am. Pet. Ex. 32 at 13.) In support of his argument, petitioner cited to *Aesoph v. State,* 721 P.2d 379 (1986), a case that discusses cumulative errors affecting the Fourteenth Amendment due process right to a fair and impartial trial. (*Id.* Ex. 32 at 14.) Citation to state caselaw that applies federal constitutional principles will suffice to exhaust a claim. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). Additionally, in his reply, petitioner argued that the admission of the irrelevant and prejudicial evidence denied him "his right to due process guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution." (ECF No. 257 Ex. 1 at 3.) Thus, the court concludes that petitioner fairly presented ground 1 to the Nevada Supreme Court on direct appeal and that ground 1 is exhausted.

E. Exhaustion of Ground 2

In ground 2, petitioner claims that the state committed prosecutorial misconduct when the prosecutor introduced evidence and testimony concerning two unrelated matters that had no relevance to the charged offenses and only served to prejudice him before the jury. Petitioner claims that the state's conduct violated his right to due process and a fair trial under the Fifth and Fourteenth Amendments to the United States Constitution. In particular, petitioner claims that the prosecutor committed misconduct by introducing the testimony of Detective Moniot and Officer Pettit concerning two prior incidents involving petitioner and introducing the evidence they obtained while investigating

those incidents.

Respondents argue that ground 2 is unexhausted because petitioner failed to present a prosecutorial misconduct claim related to the testimony of Detective Moniot and Officer Pettit. According to respondents, petitioner's claims of prosecutorial misconduct did not concern prior-bad-act evidence.

The court concludes that petitioner exhausted ground 2 in his *pro se* original petition for writ of habeas corpus filed in the Nevada Supreme Court. In the petition, petitioner argued that his conviction was obtained by police and prosecutorial misconduct. (Exhibits to Third Am. Pet. Ex. 57 at 17, 23-24.) In support of his argument, petitioner cited to sections of his state post-conviction petition filed in the District Court discussing the testimony and evidence he challenges here in ground 2 of his federal petition. Thus, the court concludes that petitioner fairly presented ground 2 to the Nevada Supreme Court in his *pro se* original petition for writ of habeas corpus and that ground 2 is exhausted.

Respondents contend that ground 2, even if it is exhausted, is nevertheless procedurally defaulted because the Nevada Supreme Court concluded that petitioner's claims were procedurally barred when it affirmed the District Court's denial of petitioner's post-conviction petition.

The Nevada Supreme Court denied petitioner's *pro se* original petition for writ of habeas corpus on the merits on July 5, 2007. The Nevada Supreme Court affirmed the District Court's denial of petitioner's post-conviction petition on March 24, 2008. The subsequent application of a state procedural bar to claims that previously were considered on the merits in the state courts does not give rise to a procedural default in the federal courts. *See Cone v. Bell*, 556 U.S. 449, 466 (2009). Therefore, assuming without deciding that the Nevada Supreme Court found petitioner's claims contained in ground 2 to be procedurally barred, because such a determination occurred subsequent to its denial of petitioner's *pro se* original petition for writ of habeas corpus on the merits, it does not give rise to the procedural default of ground 2 in this court.

F. Exhaustion of Ground 5

In ground 5, petitioner claims that he is in custody in violation of his right to be free of cruel and unusual punishment as guaranteed by the Eighth Amendment to the United States Constitution. Petitioner claims that his sentence of life without parole is cruel and unusual punishment because it is

wholly disproportionate to his offense. According to petitioner, his conduct essentially amounted to no more than loitering and staring at women and that a sentence of life without parole for such conduct shocks the conscience and offends fundamental notions of human dignity.

Respondents argue that to the extent ground 5 raises a disproportionality claim, it is unexhausted because the claim raised on direct appeal that is most similar to ground 5, direct appeal claim 7, was expressly raised as a state law claim.

The court concludes that ground 5 is unexhausted. To show that he exhausted ground 5, petitioner points to the "addenda" to his opening brief submitted on appeal from the denial of his post-conviction petition (ECF No. 12-12 at 31-40 and ECF No. 12-13 at 1-11) and his opening brief submitted on direct appeal (Exhibits to Third Am. Pet. Ex. 32 at 23-23). However, in neither document did petitioner give the Nevada Supreme Court a fair opportunity to address a claim that his sentence is disproportionate to his offense under the Eighth Amendment to the United States Constitution. Although petitioner mentioned the federal constitution and cited to two United States Supreme Court decisions in his opening brief on direct appeal, his claim, when viewed in the context of his argument as a whole, was clearly asserted as a matter of state law. At the beginning of his argument, petitioner asserted that the sentencing judge abused his discretion and "violated [the] Nevada Constitution, Article 1, § 6 prohibiting imposition of cruel and unusual punishment." (*Id*. Ex. 32 at 20.) Near the end of his argument, petitioner stated that "[i]t is clear from the above cited case law that the Nevada Constitution does prohibit the infliction of cruel and unusual punishment." (*Id*. Ex. 32 at 22.) Petitioner discussed federal law within his argument to elucidate the contours of Nevada state law—not to raise an independent claim under the United States Constitution. *See Galvan v. Ala. Dep't of Corr.*, 397 F.3d 1198, 1204 (9th Cir. 2005) (holding that citation to federal law in the context of an argument about Alaska constitutional law is insufficient to exhaust a federal claim because "a petitioner has to have, at the least, explicitly alerted the court that she was making a federal constitutional claim.") Petitioner failed to explicitly alert the Nevada Supreme Court that he was asserting a claim under the Eighth Amendment to the United States Constitution. Rather, petitioner cited to and relied on federal authority in support of his claim under the Nevada Constitution. Therefore, ground 5 is unexhausted.

///

G.  Exhaustion of Ground 6

2          In ground 6, petitioner claims that the trial court sentenced him as a habitual criminal to a life

3   sentence without parole in violation of his due process rights under the Fifth and Fourteenth

4   Amendments to the United States Constitution.  Petitioner claims that the state failed to provide certified

5   copies of his prior convictions on which it relied for enhancement purposes.  Additionally, petitioner

6   claims that the records regarding his convictions from Ohio raise a presumption of constitutional

7   infirmity because they do not demonstrate that he was represented by counsel when he entered a plea

8   to the charges.  Because of these deficiencies in documentation, petitioner argues that the trial court was

9   without legal basis to adjudicate him a habitual criminal.

10         Respondents argue that ground 6 is unexhausted to the extent that it alleges that the sentencing

11  information relied on by the trial court was inaccurate.  Respondents contend that to the extent that

12  ground 6 alleges that the prior judgments used to enhance petitioner's sentence did not show that he was

13  represented by counsel in those proceedings, the claim is exhausted but is, nevertheless, procedurally

14  defaulted.

15         First, the component of ground 6 that challenges the sufficiency of the documentation relied upon

16  by the trial court is unexhausted because petitioner failed to alert the Nevada Supreme Court that he was

17  raising a federal constitutional claim predicated on this legal theory.  As discussed above, to achieve

18  exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the

19  United States Constitution" and given the opportunity to correct alleged violations of the prisoner's

20  federal rights.  *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106

21  (9th Cir. 1999).  None of the documents to which petitioner points shows that he argued that his due

22  process rights under the United States Constitution were violated because of the inadequate

23  documentation regarding his prior convictions in Ohio and Montana.  In his post-conviction proceedings

24  and  *pro se* original petition for writ of habeas corpus, petitioner raised federal sentencing claims, but

25  he did not articulate the legal theory he presents here.  (Exhibits to Third Am. Pet. Ex. 44 at 260-63, Ex.

26  56 at 76-77, Ex. 57 at 35.)  In his motion to correct legal sentence, petitioner did not raise his claim as

27  a federal claim.  (ECF No. 184 Ex. B at 2.)  The federal case cited by petitioner in his motion, *Burgess*

28  *v. Texas*, 389 U.S. 109 (1967), was specifically presented in support of petitioner's second legal theory—

that his sentence violates due process because there was insufficient evidence that he was represented by counsel in each prior conviction relied upon by the trial court to sentence him as a habitual criminal. (*Id*.)  Thus, the component of ground 6 that challenges the sufficiency of the documentation relied upon by the trial court is unexhausted.

Second, petitioner's second claim in ground 6—that the records regarding his convictions from Ohio raise a presumption of constitutional infirmity because they do not demonstrate that he was represented by counsel when he entered a plea to the charges—is exhausted and not procedurally defaulted.  Petitioner raised this claim in his motion to correct illegal sentence (ECF No. 184 Ex. B at 2), which as discussed above, the Nevada Supreme Court denied on the merits.  In raising this claim, petitioner relied on *Burgess v. Texas*, 389 U.S. 109 (1967) (holding that under the United States Constitution, a prior felony conviction cannot be used for sentence enhancement when the record of the earlier proceeding does not show that the defendant had counsel or that he waived his right to counsel).

Additionally, this claim is not procedurally defaulted because the Nevada Supreme Court addressed the claim on the merits in its last reasoned decision.  Assuming without deciding that respondents are correct that the Nevada Supreme Court imposed a procedural bar when it addressed this claim in petitioner's post-conviction proceedings, such an imposition does not render the claim procedurally defaulted when the state court subsequently reaches the merits of the claim.  The Nevada Supreme Court affirmed the District Court's denial of petitioner's post-conviction petition on March 24, 2008.  The Nevada Supreme Court affirmed the denial of petitioner's motion to correct an illegal sentence on June 8, 2011. "State procedural bars are not immortal . . .; they may expire because of later actions by state courts.  If the last state court to be presented with a particular federal claim reaches the merits, it removes any bar to federal-court review that might otherwise have been available."  *Ylst v. Nunnemaker,* 501 U.S. 797, 801 (1991).  Here, any procedural bar previously imposed was ignored by the Nevada Supreme Court when it addressed petitioner's claim on the merits in affirming the denial of petitioner's motion to correct an illegal sentence.  Therefore, petitioner's second claim in ground 6, that the records regarding his convictions from Ohio raise a presumption of constitutional infirmity because they do not demonstrate that he was represented by counsel when he entered a plea to the charges, is exhausted and not procedurally defaulted.

H. Exhaustion of Ground 7(A)(1)

In ground 7(A)(1), petitioner claims that he is in custody in violation of his right to the effective assistance of trial counsel under the Sixth and Fourteenth Amendments to the United States Constitution. Specifically, petitioner argues that his trial counsel failed to investigate or speak with witnesses who would refute the testimony of April Gagen. Petitioner claims that two witnesses, Janelle Longino and Linda Parks, would have testified that he did not follow Gagen home and that he did not threaten to harm her as she testified.

Respondents argue that ground 7(A)(1) is unexhausted because petitioner did not present a claim to the Nevada Supreme Court based on the facts he presents here.

The court concludes that ground 7(A)(1) is exhausted. In his post-conviction petition, in ground 7, petitioner argued that his trial counsel was ineffective, in part, because of his failure to present the testimony of Longino and Parks in order to discredit Gagen's testimony. (Exhibits to Third Am. Pet. Ex. 44 at 59, 64, 77-80.) The Nevada Supreme Court affirmed the District Court's denial of this claim on appeal. (*Id*. Ex. 64 at 13.) Thus, the court denies the motion to dismiss with respect to ground 7(A)(1).

I. Exhaustion of Ground 7(A)(2)

In ground 7(A)(2), petitioner claims that his trial counsel was ineffective for failing to investigate the scene of the alleged offenses and/or use information obtained by the investigator. Petitioner alleges that it was incumbent upon counsel to investigate the areas in which the acts took place to determine whether the witnesses could actually see what they described for the jury. In part, petitioner alleges that his trial counsel failed to investigate the alleged stalking path along Tropicana Avenue.

Respondents argue that ground 7(A)(2) is unexhausted because petitioner did not specifically challenge trial counsel's failure to investigate the scene of the stalking path along Tropicana Avenue and at the 7-11 store.

The court concludes that ground 7(A)(2) is exhausted. In the "addenda" to his post-conviction petition, petitioner claimed that his trial counsel was ineffective because counsel "knew or should have known," through adequate investigation, that the stalking path described by the victim was impossible for petitioner to have followed. (Exhibits to Third Am. Pet. Ex. 56 at 1-2.) Petitioner claimed that he

13

asked trial counsel to investigate or personally view the area, but that counsel failed to do so. (*Id*.) In affirming the District Court's denial of the post-conviction petition, the Nevada Supreme Court stated that it had "reviewed all documents that [petitioner] has submitted in proper person . . . ." Thus, petitioner presented the factual basis of ground 7(A)(2) concerning the failure of counsel to investigate the stalking path to the Nevada Supreme Court through his "addenda." Therefore, the court denies the motion to dismiss with respect to ground 7(A)(2).

J. Exhaustion of Ground 7(B)

In ground 7(B), petitioner claims that his trial counsel was ineffective for failing to impeach the witnesses who testified to seeing him either expose himself or commit a lewd act with evidence that contradicted their testimony. Petitioner claims that his trial counsel failed to use the impeachment information that he obtained through investigation at trial.

Respondents argue that ground 7(B) is partially exhausted to the extent that it was raised in the post-conviction petition with respect to the sufficiency of trial counsel's cross-examination of the state's witnesses.

Ground 7(B) is exhausted. In his post-conviction petition, petitioner argued that his trial counsel failed to adequately challenge the eyewitness trial testimony of April Gagen, Cassie Leffner, Ruth Garn, Caroline Fadely, Yvonne Stuart, Brandi Nilson, Sharon Spinelli, and Michelle Delavigne. (Exhibits to Third Am. Pet. Ex. 44 at 40-47, 59-76, 82-83, 86-93.) In addressing this claim, the Nevada Supreme Court stated:

> On the critical points at issue in this case, each eyewitness' trial testimony was substantially consistent with their prior statements and preliminary hearing testimony. Counsel vigorously cross-examined each of the eyewitnesses respecting their perceptions of the events and any deficiencies in that regard . . . . Based on our careful review of the record on appeal and [petitioner's] arguments, we conclude that the district court did not err in denying this claim.

(*Id*. Ex. 64 at 11.) Therefore, the court concludes that ground 7(B) is exhausted.

K. Exhaustion of Ground 7(C)

In ground 7(C), petitioner claims that his trial counsel was ineffective for failing to present exculpatory testimony. Petitioner claims that his trial counsel did not present testimony from Longino

and Parks that would have refuted Gagen's testimony and much of the testimony of other witnesses.[3]

Respondents argue that ground 7(C) is partially exhausted to the extent it was raised in the post-conviction petition with respect to the sufficiency of trial counsel's cross-examination of the state's witnesses.

Ground 7(C) is only exhausted to the extent that it claims that trial counsel was ineffective for failing to present testimony from Longino and Parks to refute Gagen's testimony and to refute testimony from the Subway employees that they were in fear of petitioner. However, ground 7(C) is unexhausted in all other respects.

L.  Exhaustion of Ground 7(D)

In ground 7(D), petitioner claims that his trial counsel was ineffective because he failed to move to dismiss the charges of open or gross lewdness on the ground that they are unconstitutional. Petitioner claims that the open or gross lewdness statute, Nev. Rev. Stat. § 201.210, is unconstitutionally vague because it does not notify a person of ordinary intelligence fair notice of the forbidden conduct, encourages arbitrary law enforcement, and that counsel's failure to move to dismiss the charge on that basis fell below the minimum standard for effective representation.

Respondents argue that ground 7(D) is unexhausted because petitioner only presented the Nevada Supreme Court with a constitutional challenge to the statute itself, not a claim that counsel was deficient for not moving to dismiss charges on the basis that they are unconstitutional.

Ground 7(D) is unexhausted.  In ground 7(D) of his federal petition, petitioner claims that his trial counsel was ineffective for failing to argue that Nev. Rev. Stat. § 201.210 is unconstitutionally vague under the federal constitution because it does not notify a person of ordinary intelligence fair notice of the forbidden conduct and encourages arbitrary law enforcement.  Petitioner failed to give the Nevada Supreme Court a fair opportunity to address this claim.  None of the documents to which

---

[3]  In his opposition, petitioner appears to argue that trial counsel's failure to present exculpatory testimony from Caroline Fadely and Blair Abbott is an exhausted claim contained within ground 7(C). As currently pled in the third amended petition, however, ground 7(C) only pertains to trial counsel's failure to present testimony from Longino and Parks.  In fact, in his petition, petitioner seems to argue, by way of example, that counsel should have challenged Fadely's testimony with Longino's testimony, not that Fadely's testimony should have been presented as exculpatory testimony.  Therefore, the court restricts its review concerning the exhaustion of ground 7(C) to the claim that trial counsel was ineffective for failing to present exculpatory testimony from Longino and Parks.

petitioner points show that he coherently or squarely articulated this claim. To exhaust a claim, a petitioner must describe "both the operative facts and the federal legal theory on which his claim is based so that the state courts might have a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (quoting *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003)). In this case, petitioner scattered the basis of this claim throughout his papers in such a manner as to deprive the Nevada Supreme Court of having a fair opportunity to address the claim. Moreover, the specific argument he raises here—that trial counsel should have argued that Nev. Rev. Stat. § 201.210 does not notify a person of ordinary intelligence fair notice of the forbidden conduct and encourages arbitrary law enforcement—was not presented to the Nevada Supreme Court. Therefore, the court concludes that ground 7(D) is unexhausted.

### M. Exhaustion of Ground 7(E)

In ground 7(E), petitioner claims that his trial counsel was ineffective because he failed to object to the state's use of his prior convictions from Montana and Ohio to enhance his sentence. Petitioner claims that trial counsel should have challenged: (1) the state's failure to provide certified copies of the judgments of conviction; and (2) the state's failure to establish that petitioner was represented by counsel when he entered a plea to the charges in Ohio.

Respondents argue that ground 7(E) is mostly unexhausted. Respondents contend that the only claims raised by petitioner is his state proceedings were that trial counsel was deficient for not objecting to the Ohio prior conviction on the basis that the record did not show that petitioner was represented by counsel in that proceeding, that the conviction was stale, and that specific findings were not made.

Ground 7(E) is partially exhausted and partially unexhausted. The claim in ground 7(E) that trial counsel was ineffective because he did not challenge the state's failure to provide certified copies of the judgments of conviction is unexhausted. In his federal petition presented here, petitioner contends that Nev. Rev. Stat. § 207.010(1)(b) requires certified copies of the judgments of conviction to be used to adjudicate a person a habitual criminal. Petitioner argues that the state's failure to provide certified judgments of convictions does not comport with Nevada law, and thus, violates his federal constitutional right to due process. In his state proceedings, petitioner argued that his trial counsel failed to present

16

argument that: (1) petitioner had not committed or been convicted of the crimes the state referenced in its sentencing memorandum; (2) that the state and the court were using facts and allegations never proven by a jury to sentence petitioner; and (3) that "unproven facts" were being used to sentence petitioner. (Exhibits to Third Am. Pet. Ex. 44 at 149-151, 260-61, Ex. 56 at 47-48.) Petitioner's argument here, however, is a horse of a different color. In his state proceedings, petitioner did not contend that his trial counsel failed to argue that the state had failed to comply with the dictates of Nev. Rev. Stat. § 207.010(1)(b). Broadly speaking, in his state proceedings, petitioner sought to challenge his trial counsel's failure to dispute nearly all of the information presented at sentencing used to substantiate his sentence of life without parole. But to exhaust, petitioner must present the legal and factual basis of his claim in such a manner as to give the Nevada Supreme Court a fair opportunity to address the claim. Petitioner failed to adequately specify the legal basis of the claim concerning trial counsel's neglect in challenging the state's failure to produce certified judgments of conviction as required by Nev. Rev. Stat. § 207.010(1)(b). Thus, the only aspect of ground 7(E) that is exhausted is the claim that trial counsel was deficient for not objecting to the Ohio prior conviction on the basis that the record did not show that petitioner was represented by counsel in that proceeding and that the conviction was stale.

### N. Exhaustion of Ground 7(F)

In ground 7(F), petitioner claims that his appellate counsel was ineffective for failing to raise the claim that the prior convictions used to adjudicate petitioner as a habitual criminal did not comport with Nevada law. Petitioner claims that appellate counsel should have challenged: (1) the state's failure to provide certified copies of the judgments of conviction; and (2) the state's failure to establish that petitioner was represented by counsel when he entered a plea to the charges in Ohio.

Respondents argue that ground 7(F) is unexhausted. Respondents contend that the only claims raised by petitioner is his state proceedings were that appellate counsel was deficient for not objecting to the Ohio prior conviction on the basis that the record did not show that petitioner was represented by counsel in that proceeding, that the conviction was stale, and that specific findings were not made.

Ground 7(F) is partially exhausted and partially unexhausted for the same reasons as discussed above with respect to ground 7(E). Similar to ground 7(E), ground 7(F), in part, argues that appellate

counsel was ineffective because he did not argue that the state's failure to provide certified copies of the judgments of conviction did not comply with Nev. Rev. Stat. § 207.010(1)(b). In his state proceedings, petitioner argued that his appellate counsel failed to present argument that: (1) petitioner had not committed or been convicted of the crimes the state referenced in its sentencing memorandum; (2) that the state and the court were using facts and allegations never proven by a jury to sentence petitioner; (3) that "unproven facts" were being used to sentence petitioner. (Exhibits to Third Am. Pet. Ex. 44 at 152-53, 260-61, Ex. 56 at 47-48.) As discussed above, petitioner must present the legal and factual basis of his claim in such a manner as to give the Nevada Supreme Court a fair opportunity to address the claim. With respect to ground 7(F), petitioner failed to adequately specify the legal basis of the claim concerning appellate counsel's neglect in challenging the state's failure to produce certified judgments of conviction as required by Nev. Rev. Stat. § 207.010(1)(b). Thus, the only aspect of ground 7(F) that is exhausted is the claim that appellate counsel was deficient for not raising a claim on appeal concerning the Ohio prior conviction on the basis that the record did not show that petitioner was represented by counsel in that proceeding and that the conviction was stale.

O. Exhaustion of Ground 12(A)

In ground 12(A), petitioner claims that his trial counsel was ineffective for failing to: (1) challenge the sufficiency of the evidence for the stalking charge; (2) challenge the sufficiency of the evidence on the open or gross lewdness charges; (3) challenge the constitutionality of Nevada's stalking statute, both facially and as applied; (4) challenge the constitutionality of Nevada's open or gross lewdness statute, both facially and as applied; (5) investigate develop, interview, and present evidence from expert witness urologist Dr. John Dudek; (6) investigate develop, interview, and present evidence from expert witness Dr. C. Phillip Colosimo; and (7) prevent the presentation of evidence from illegal searches, seizures, and unmirandized interrogations at trial and sentencing.

Respondents argue that claims 12(A)(1), 12(A)(2), 12(A)(3), 12(A)(4), 12(A)(5), and 12(A)(6) are unexhausted.

Grounds 12(A)(1) and 12(A)(2) regarding trial counsel's failure to challenge the sufficiency of the evidence for the stalking charge and trial counsel's failure to challenge the sufficiency of the evidence on the open or gross lewdness charges are exhausted. With respect to the stalking charge, in

18

his post-conviction proceedings, petitioner claimed that trial counsel did not file pre-trial motions challenging the stalking charge or present evidence or defenses at trial contradicting the state's evidence on each element of the stalking charge. (Exhibits to Third Am. Pet. Ex. 44 at 119-26.) With respect to the open or gross lewdness charges, in his post-conviction proceedings, petitioner claimed that trial counsel did not file pre-trial motions attacking the open or gross lewdness charges or present evidence or defenses at trial contradicting the state's evidence on the elements of the open or gross lewdness charges. (*Id*. Ex. 44 at 11-12, Ex. 56 at 54-64.) Thus, the court denies respondents' motion to dismiss with respect to grounds 12(A)(1) and 12(A)(2) because the claims they seek to dismiss are exhausted.

Ground 12(A)(3) is exhausted. In his post-conviction proceedings, in his opening brief, petitioner argued that his trial counsel was ineffective because he failed to challenge the constitutionality of Nevada's stalking statute, both facially and as applied. (Exhibits to Third Am. Pet. Ex. 56 at 65-66.)

Ground 12(A)(4) is exhausted. In his post-conviction proceedings, in his opening brief, petitioner argued that his trial counsel was ineffective because he failed to challenge the constitutionality of Nevada's open or gross lewdness statute, both facially and as applied. (*Id*.)

Ground 12(A)(5) is exhausted. In his post-conviction petition, petitioner claimed that his trial counsel was ineffective because he failed to know of and present exculpatory evidence from Dr. Dudek. (*Id*. Ex. 44 at 63-64, 69-71, 88-89, 106.)

Ground 12(A)(6) is exhausted. In his post-conviction petition, petitioner claimed that his trial counsel was ineffective because he failed to know of and present evidence from Dr. Colosimo. (*Id*. Ex. 44 at 63-64, 106.)

P. Exhaustion of Ground 12(B)

In ground 12(B), petitioner claims that his appellate counsel was ineffective because counsel: (1) represented petitioner despite having a conflict of interest and failed to effectively communicate with petitioner; (2) failed to argue that insufficient evidence supported the stalking charge and the open or gross lewdness charges, failed to challenge numerous issues of altered stories, hearsay, perjury, prosecutorial misconduct, and failed to challenge trial court error and trial court abuse of discretion; and (3) failed to challenge the constitutionality of Nevada's stalking statute and open or gross lewdness statute, both facially and as applied.

1    Respondents argue that the only parts of ground 12(B)(2) that are exhausted are the portion

2    concerning appellate counsel's failure to challenge the sufficiency of the evidence for the stalking charge

3    and the portion concerning counsel's failure to raise hearsay and perjury claims.    Additionally,

4    respondents contend that all of ground 12(B)(3) is unexhausted.

5    Ground 12(B)(2) is partially exhausted and partially unexhausted.    As correctly stated by

6    respondents, the portion of ground 12(B)(2) concerning appellate counsel's failure to challenge the

7    sufficiency of the evidence for the stalking charge is exhausted.    Additionally, the portion of ground

8    12(B)(2) concerning appellate counsel's failure to raise hearsay and perjury claims, counsel's failure to

9    raise issues of prosecutorial misconduct, and counsel's failure to raise trial court error regarding

10   admitting previously suppressed evidence, its failure to give jury instructions regarding lesser included

11   offenses, and its imposition of an illegal sentence is exhausted.    (Exhibits to Third Am. Pet. Ex. 44 at

12   152-54 (incorporating by reference pages 155, 239-41, 246-47, 260-62).)  However, petitioner's claim

13   in ground 12(B)(2) that appellate counsel failed to challenge the sufficiency of the evidence for the open

14   or gross lewdness charges is unexhausted.  None of the documents to which petitioner points show that

15   he gave the Nevada Supreme Court a fair opportunity to address this claim.

16   Ground 12(B)(3) is exhausted.  In his post-conviction proceedings, in his opening brief, petitioner

17   argued that his appellate counsel was ineffective because he failed to challenge the constitutionality of

18   Nevada's stalking statute and Nevada's open or gross lewdness statute, both facially and as applied.

19   (Exhibits to Third Am. Pet. Ex. 56 at 65-66.)

20   Q.  Procedural Default Legal Standard

21   "Procedural default" refers to the situation where a petitioner in fact presented a claim to the state

22   courts but the state courts disposed of the claim on procedural grounds, instead of on the merits.    A

23   federal court will not review a claim for habeas corpus relief if the decision of the state court regarding

24   that claim rested on a state law ground that is independent of the federal question and adequate to

25   support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

26   The *Coleman* Court stated the effect of a procedural default, as follows:

27           In all cases in which a state prisoner has defaulted his federal claims in
             state court pursuant to an independent and adequate state procedural rule,
28           federal habeas review of the claims is barred unless the prisoner can

                                            20

demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some *objective factor external to the defense* impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). Ineffective assistance of counsel may satisfy the cause requirement to overcome a procedural default. *Murray*, 477 U.S. at 488. However, for ineffective assistance of counsel to satisfy the cause requirement, the independent claim of ineffective assistance of counsel, itself, must first be presented to the state courts. *Murray*, 477 U.S. at 488-89. In addition, the independent ineffective assistance of counsel claim cannot serve as cause if that claim is procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). With respect to the prejudice prong of cause and prejudice, the petitioner bears:

the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension.

*White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)). If the petitioner fails to show cause, the court need not consider whether the petitioner suffered actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988).

R. Procedural Default of Ground 2

In ground 2, petitioner claims that the state committed prosecutorial misconduct when the prosecutor introduced evidence and testimony concerning two unrelated matters that had no relevance to the charged offenses and only served to prejudice him before the jury. Petitioner claims that the state's conduct violated his right to due process and a fair trial under the Fifth and Fourteenth Amendments to the United States Constitution. In particular, petitioner claims that the prosecutor

21

committed misconduct by introducing the testimony of Detective Moniot and Officer Pettit concerning two prior incidents involving petitioner and introducing the evidence they obtained while investigating those incidents.

As discussed in above subsection E, the subsequent application of a state procedural bar to claims that previously were considered on the merits in the state courts does not give rise to a procedural default in the federal courts. *See Cone v. Bell*, 556 U.S. 449, 466 (2009). Therefore, assuming without deciding that the Nevada Supreme Court found petitioner's claims contained in ground 2 to be procedurally barred, because such a determination occurred subsequent to its denial of petitioner's *pro se* original petition for writ of habeas corpus on the merits, it does not give rise to the procedural default of ground 2 in this court.

S. Procedural Default of Ground 6

In ground 6, petitioner claims that the trial court sentenced him as a habitual criminal to a life sentence without parole in violation of his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution. Petitioner claims that the state failed to provide certified copies of his prior convictions on which it relied for enhancement purposes. Additionally, petitioner claims that the records regarding his convictions from Ohio raise a presumption of constitutional infirmity because they do not demonstrate that he was represented by counsel when he entered a plea to the charges. Because of these deficiencies in documentation, petitioner argues that the trial court was without legal basis to adjudicate him a habitual criminal.

As discussed above in subsection G, the component of ground 6 that challenges the sufficiency of the documentation relied upon by the trial court is unexhausted because petitioner failed to alert the Nevada Supreme Court that he was raising a federal constitutional claim predicated on this legal theory. However, petitioner's second claim in ground 6— that the records regarding his convictions from Ohio raise a presumption of constitutional infirmity because they do not demonstrate that he was represented by counsel when he entered a plea to the charges—is exhausted and not procedurally defaulted. Because any prior procedural bar imposed by the Nevada Supreme Court was ignored when it addressed petitioner's second claim on the merits when it affirmed the denial of petitioner's motion to correct an illegal sentence, the second claim is not procedurally defaulted.

22

1     T.  Procedural Default of Ground 9

2     In ground 9, petitioner claims that his convictions for open or gross lewdness violate his due

3 process rights under the Fifth and Fourteenth Amendments to the United States Constitution because

4 there was insufficient evidence to support his convictions and there was evidence of his actual

5 innocence. Petitioner contends that the term "masturbation" in Nev. Rev. Stat. § 201.210 is

6 insufficiency defined, leaving its meaning ambiguous. Petitioner argues that the evidence presented at

7 trial fails to show that his particular acts were acts of "masturbation."

8     Respondents argue that ground 9 is procedurally defaulted because petitioner failed to properly

9 raise this claim on direct appeal, and that the Nevada Supreme Court invoked a procedural bar when

10 petitioner raised this claim in his post-conviction proceedings.

11     Petitioner raised the claim he asserts in ground 9 of his federal petition in ground 42 of his state

12 post-conviction petition. In affirming the District Court's denial of petitioner's post-conviction petition

13 on ground 42, the Nevada Supreme Court concluded that the claims in grounds 20 through 57 "were

14 appropriate for direct appeal and therefore procedurally barred absent a showing of good cause for not

15 raising them previously and actual prejudice. [fn 35] See NRS 34.810(1)(b), (3)." (Exhibits to Third

16 Am. Pet. Ex. 64 at 32.) The Nevada Supreme Court concluded that petitioner failed to demonstrate good

17 cause or prejudice and that the District Court did not err in denying this claim. (*Id*.) The Nevada

18 Supreme Court explicitly relied on Nev. Rev. Stat. § 34.810 as a procedural bar when it declined to

19 review the claim. (*Id*.). The Ninth Circuit Court of Appeals has held that, at least in non-capital cases,

20 application of the procedural bar at issue in this case – Nev. Rev. Stat. § 34.810 – is an independent and

21 adequate state ground. *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v.*

22 *Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999). Therefore, this court finds that the Nevada Supreme

23 Court's holding that ground 42 of the state post-conviction petition is procedurally barred under Nev.

24 Rev. Stat. § 34.810(1)(b) and Nev. Rev. Stat. § 34.810(3) was an independent and adequate ground for

25 the court's dismissal.

26     As discussed above, if a claim is procedurally defaulted, federal habeas review of the claim is

27 barred unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the

28 alleged violation of federal law, or demonstrate that failure to consider the claims will result in a

fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

First, petitioner argues that the ineffective assistance of his appellate counsel in failing to raise the claim contained in ground 9 constitutes cause and prejudice to excuse his procedural default. Ineffective assistance of counsel may satisfy the cause requirement to overcome a procedural default. *Murray*, 477 U.S. at 488. However, for ineffective assistance of counsel to satisfy the cause requirement, the independent claim of ineffective assistance of counsel, itself, must first be exhausted in state court. *Murray*, 477 U.S. at 488-89; *see Park v. California*, 202 F.3d 1146, 1155 (9th Cir. 2000). In ground 12(B)(2) of his federal petition, petitioner claims, in part, that his appellate counsel was ineffective for failing to argue that insufficient evidence supported the open or gross lewdness charges. As discussed above in subsection P, this claim is unexhausted. Thus, it may not constitute "cause" to excuse petitioner's default on ground 9.

Second, petitioner argues that the court's failure to consider ground 9 will result in a fundamental miscarriage of justice. A petitioner can avoid the application of the procedural default doctrine by demonstrating that the federal court's failure to consider his claims will result in a fundamental miscarriage of justice. To prove a "fundamental miscarriage of justice," petitioner must show that the constitutional error of which he complains "has probably resulted in the conviction of one who is actually innocent." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citing *Murray*, 477 U.S. at 496). "Actual innocence" is established when, in light of all of the evidence, "it is more likely than not that no reasonable juror would have convicted [the petitioner]." *Bousley v. United States*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. at 623. Petitioner can make a showing of "actual innocence" by presenting the court with new evidence which raises a sufficient doubt as "to undermine confidence in the result of the trial." *Schlup v. Delo*, 513 U.S. at 324.

In *Dretke v. Haley*, 541 U.S. 386, 393-94 (2004), the United States Supreme Court held that "a federal court faced with allegations of actual innocence, whether of the sentence or of the crime charged, must first address all nondefaulted claims for comparable relief and other grounds for cause to excuse the procedural default." Accordingly, the court defers ruling on petitioner's actual innocence argument until the merits of the remaining non-defaulted claims are addressed. Both respondents and petitioner

24

shall brief the issue, in the answer and reply, of whether a "fundamental miscarriage of justice" should provide the gateway by which this court addresses ground 9, despite it having been procedurally defaulted.

U.  Procedural Default of Ground 10

In ground 10, petitioner claims that Nevada's criminal stalking statute, Nev. Rev. Stat. § 200.575, is vague and overbroad, on its face and as applied to petitioner, in violation of the First, Fifth, and Fourteenth Amendments to the United States Constitution.  Petitioner claims that his conviction for stalking is unconstitutional because the stalking statute is unconstitutional.

Respondents argue that ground 10 is procedurally defaulted because petitioner failed to properly raise this claim on direct appeal, and that the Nevada Supreme Court invoked a procedural bar when petitioner raised this claim in his post-conviction proceedings.

Petitioner raised the claim he asserts in ground 10 of his federal petition in ground 37 of his state post-conviction petition.  As discussed above with respect to ground 9, in affirming the District Court's denial of petitioner's post-conviction petition, the Nevada Supreme Court concluded that the claims in grounds 20 through 57 "were appropriate for direct appeal and therefore procedurally barred absent a showing of good cause for not raising them previously and actual prejudice. [fn 35] See NRS 34.810(1)(b), (3)." (Exhibits to Third Am. Pet. Ex. 64 at 32.)  The Nevada Supreme Court concluded that petitioner failed to demonstrate good cause or prejudice and that the District Court did not err in denying this claim.  (*Id.*)  The Nevada Supreme Court explicitly relied on Nev. Rev. Stat. § 34.810 as a procedural bar when it declined to review the claim.  (*Id.*).  As previously explained, the Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the procedural bar at issue in this case – Nev. Rev. Stat. § 34.810 – is an independent and adequate state ground. *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999).  Therefore, this court finds that the Nevada Supreme Court's holding that ground 37 of the state post-conviction petition is procedurally barred under Nev. Rev. Stat. § 34.810(1)(b) and Nev. Rev. Stat. § 34.810(3) was an independent and adequate ground for the court's dismissal.

As mentioned previously, if a claim is procedurally defaulted, federal habeas review of the claim is barred unless the petitioner can demonstrate cause for the default and actual prejudice as a result of

the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

Petitioner argues that the ineffective assistance of his appellate counsel in failing to raise the claim contained in ground 10 constitutes cause and prejudice to excuse his procedural default. Petitioner also argues that the court's failure to consider ground 10 will result in a fundamental miscarriage of justice. Petitioner raises the claim that appellate counsel was ineffective for failing to challenge the constitutionality of Nevada's stalking statute and open or gross lewdness statute, both facially and as applied in ground 12(B)(3) of his federal petition. As discussed in subsection P, ground 12(B)(3) is exhausted. The court has determined that the analysis of cause and prejudice and fundamental miscarriage of justice issues in ground 10 are closely related to the analysis on the substantive merits of ground 12(B)(3) . Therefore, the court will defer ruling on the cause and prejudice issue until the merits of the petition are fully briefed. Respondents and petitioner shall address the issue of the procedural default of ground 10 in the answer and reply brief.

**IV. Petitioner's Options Regarding Unexhausted Claims**

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the court finds the following grounds to be unexhausted:

- Ground 5;
- Ground 6, in part. The component of ground 6 that challenges the sufficiency of the documentation relied upon by the trial court is unexhausted;
- Ground 7(C), in part. Any claims beyond the claim that trial counsel was ineffective for failing to present testimony from Longino and Parks to refute Gagen's testimony and to refute testimony from the Subway employees that they were in fear of petitioner.
- Ground 7(D);
- Ground 7(E), in part. The component of ground 7(E) that trial counsel was ineffective because he did not challenge the state's failure to provide certified copies of the judgment of conviction is unexhausted;

- • Ground 7(F), in part. The component of ground 7(E) that appellate counsel was ineffective because he did not challenge the state's failure to provide certified copies of the judgment of conviction is unexhausted;

- • Ground 12(B)(2), in part. The component of ground 12(B)(2) concerning appellate counsel's failure to challenge the sufficiency of the evidence for the open or gross lewdness charges is unexhausted.

Because the court finds that the petition is a "mixed petition," containing both exhausted and unexhausted claims, petitioner has these options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

3. He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

*See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this Court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

**V. Conclusion**

**IT IS THEREFORE ORDERED** that petitioner's motion for further briefing (ECF No. 241) and petitioner's motion for discovery regarding exhaustion and procedural default (ECF No. 238) are **DENIED.**

**IT IS FURTHER ORDERED** that respondents' motion to dismiss (ECF No. 220) is **GRANTED in part, and DENIED in part**, as follows:

1. The motion to dismiss ground 5, part 1 of ground 6, part of ground 7(C), ground 7(D), part of ground 7(E), part of ground 7(F), and part of ground 12(B)(2) as unexhausted is **GRANTED;**

27

2. The motion to dismiss ground 1, ground 2, part 2 of ground 6, ground 7(A)(1), ground 7(A)(2), ground 7(B), ground 12(A)(1)-(6), ground 12(B)(3) as unexhausted is **DENIED;**

3. The motion to dismiss ground 2 and ground 6 as procedurally defaulted is **DENIED;**

4. The motion to dismiss ground 9 and ground 10 as procedurally defaulted is **DENIED without prejudice.** Respondents and petitioner shall brief the following cause and prejudice issues in the answer and reply: (1) whether a "fundamental miscarriage of justice" should provide the gateway by which this court addresses ground 9, despite it having been procedurally defaulted; (2) whether the ineffective assistance of his appellate counsel in failing to raise the claim contained in ground 10 constitutes cause and prejudice to excuse his procedural default, and (3) whether a "fundamental miscarriage of justice" should provide the gateway by which this court addresses ground 10, despite it having been procedurally defaulted.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to either: **(1)** inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; **OR (2)** inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; **OR (3)** file a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

///

///

1    **IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time
2    permitted, this case may be dismissed.

3

4    Dated this 27th day of July, 2012.

5

6    _____
     LARRY R. HICKS
7    UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28