# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KENNETH FRIEDMAN,

    Petitioner,

vs.

STATE OF NEVADA, *et al.,*

    Respondents.

3:07-cv-00338-LRH-VPC

**ORDER**

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se.* Several motions are pending before the court, which the court addresses in turn.

**I. Motions to Expand the Record and Motion for Discovery (ECF Nos. 237, 239, 248)**

Before the court ruled on respondents' motion to dismiss, petitioner moved to expand the record and undertake certain discovery. (ECF Nos. 237, 239, 248.) Respondents opposed the motions, arguing, among other things, that they are premature and that the material they seek is irrelevant to these proceedings under 28 U.S.C. § 2254(d). (ECF Nos. 242, 249.)

To be candid, petitioner's motions were likely premature at the time they were filed because they pertain to the merits of the petition and the court had not yet ruled on respondents' motion to dismiss. However, the court specifically authorized petitioner to file the motions when he did (ECF No. 230), and in hindsight, should have been more specific as to the appropriate timing of the motions. In any event, currently, the motions are inadequately briefed for this court to issue ruling. Neither party has addressed

*Cullen v. Pinholster*, 131 S. Ct. 1388 (2011), and how it bears on expanding the record in this case beyond that before the state court. The court recently ruled on respondents' motion to dismiss, indicating which claims shall be adjudicated on the merits, and thus, petitioner's motions to expand the record and motion for discovery are now ripe for decision. Accordingly, in the interest of the full and fair adjudication of this case, the court will deem petitioner's motions to be refiled as of the date of entry of this order and will require the parties to rebrief the issues. Where applicable, the parties shall address *Pinhoster* as interpreted by the Ninth Circuit Court of Appeals in *Gonzalez v. Wong*, 667 F.3d 965 (9th Cir. 2011) and *Detrich v. Ryan*, 677 F.3d 958 (9th Cir. 2012).

**II. Motion for Reconsideration (ECF No. 259)**

Petitioner moves the court to reconsider portions of its order issued May 23, 2012. (ECF No. 259.) Petitioner argues that the court should reconsider its ruling on the motion to strike, motion for sanctions, and motion for proper citations.

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994). Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986),

*aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001) (quoting *McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999)).

Here, petitioner has failed to make an adequate showing under either Rule 60(b) or 59(e) that this court's May 23, 2012, should be reversed. With respect to the motion to strike and the motion for sanctions, respondents' use of the terms "teenage girls" and "young girls" to collectively describe the employees of the Subway sandwich shop is supported by testimony in the record regardless of whether other evidence and testimony exists that tends to contradict that testimony. Moreover, none of respondents' factual representations of which petitioner complains are so egregious, within the context of this case, as to be "scandalous," so as to justify striking them from the record. The court reiterates that it will ascertain the facts of petitioner's underlying state convictions from the record presented at trial, not from either party's summary of those facts.

With respect to motion for proper citations to the record, the court clarifies that so long as petitioner has access to the third amended petition and its exhibits, either in hard copy or as a digital copy, with the attendant page numbering in the bottom center of the page, the court is not concerned. Petitioner states that he does not have the capability of viewing a digital copy on compact disc. Thus, if petitioner possesses a hard copy with page numbering on the bottom center of the page, he has the tools necessary to follow respondents' citations. If petitioner does not possess a hard copy, he may so inform the court. Accordingly, petitioner's motion for reconsideration of the May 23, 2012 order is denied.

The court addresses one further issue raised in petitioner's motion for reconsideration. Petitioner represents that he does not possess the audio compact discs provided as exhibits 84, 85, and 86 to the third amended petition. The court will order a copy of these exhibits to be sent to petitioner.

///

3

### III. Motion for Respondents to Use Correct Address (ECF No. 260)

Petitioner moves for respondents to serve documents at his correct address. (ECF No. 260.) Petitioner states that respondents have sent documents to petitioner's old address, which has caused delay in petitioner's receipt of those documents.

The court grants petitioner's motion. Respondents shall serve their documents on petitioner at his current address: High Desert State Prison, P.O. Box 650, Indian Springs, NV 89070-0650.

### IV. Motion for Clarification for Access to Photocopies and Law Library (ECF No. 264)

Petitioner requests that this court clarify that petitioner has an active federal habeas petition so that he may receive appropriate law library and photocopy services. The court grants petitioner's motion to the extent that it seeks a statement from this court that petitioner has a petition for writ of habeas currently pending before the court. The court denies the motion to the extent it seeks other relief.

### V. Scheduling Order

On July 30, 2012, the court issued an order granting in part and denying in part respondents' motion to dismiss. (ECF No. 266.) The court concluded that while several grounds were exhausted, other grounds were unexhausted. (*Id.*) On August 6, 2012, petitioner filed a declaration abandoning his unexhausted claims. (ECF No. 267.) Accordingly, the court sets a schedule for the filing of the answer and reply.

### VI. Conclusion

**IT IS THEREFORE ORDERED** that the clerk shall **TERMINATE** ECF Nos. 237, 239, and 248 and **REFILE** them as pending motions filed as of the date of entry of this order. Respondents and petitioner shall file oppositions and replies in conformance with this order and Local Rule 7-2.

**IT IS FURTHER ORDERED** that petitioner's motion for reconsideration (ECF No. 259) is **DENIED.**

**IT IS FURTHER ORDERED** that the clerk shall **SEND** petitioner a copy of exhibits 84, 85, and 86 to the third amended petition.

**IT IS FURTHER ORDERED** that petitioner's motion to use correct address (ECF No. 260) and motion for clarification for access to photocopies and law library (ECF No. 264) are **GRANTED** as described above. The court hereby certifies that petitioner has an active habeas corpus case before

this court.

**IT IS FURTHER ORDERED** that the unexhausted claims in the petition, as determined by the court in its July 30, 2012, order are **HEREBY ABANDONED.**

**IT IS FURTHER ORDERED** that respondents shall have **forty-five (45) days** from the date of entry of this order within which to answer the petition.

**IT IS FURTHER ORDERED** that petitioner shall have **forty-five (45) days** after service of the answer to file and serve a reply

DATED this 27th day of August, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE