# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KENNETH FRIEDMAN,

    Petitioner,

vs.

JACK PALMER, *et al.*,

    Respondents.

3:07-cv-00338-LRH-VPC

**ORDER**

This closed action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. By order filed August 21, 2013, the Court entered an order resolving several motions and denying the federal petition in its entirety. (ECF No. 326). The Court's order also denied petitioner a certificate of appealability. (*Id.*). Judgment was entered on August 21, 2013. (ECF No. 327).

On September 9, 2013, petitioner filed a motion pursuant to Rule 60(b) for relief from judgment. (ECF No. 328). On that same date, petitioner filed a notice of appeal. (ECF No. 329). On October 3, 2013, respondents filed an opposition to petitioner's motion for relief from judgment. (ECF No. 336). On October 15, 2013, petitioner filed a reply to the opposition. (ECF No. 337). On September 27, 2013, the United States Court of Appeals for the Ninth Circuit filed an order holding the appellate proceedings in abeyance pending this Court's resolution of petitioner' pending motion of September 9, 2013. (ECF No. 335). This Court now considers petitioner's Rule 60(b) motion.

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

A district court has discretion not to consider claims and issues that were not raised until a motion for reconsideration. *Hopkins v. Andaya*, 958 F.2d 881, 889 (9th Cir. 1992). It is not an abuse of discretion to refuse to consider new arguments in a Rule 60(b) motion even though "dire consequences" might result. *Schanen v. United States Dept. of Justice*, 762 F.2d 805, 807-08 (9th Cir. 1985). Moreover, motions for reconsideration are not justified on the basis of new evidence which could have been discovered prior to the court's ruling. *Hagerman v. Yukon Energy Corp.*, 839 F.3d 407, 413-14 (8th Cir. 1988); *see also E.E.O.C. v. Foothills Title*, 956 F.2d 277 (10th Cir. 1992).

A "habeas petitioner may move for relief from the denial of habeas under Rule 60(b) so long as the motion is not the equivalent of a successive petition." *Harvest v. Castro*, 531 F.3d 737, 745 (9th Cir. 2008) (citing *Gonzales v. Crosby*, 545 U.S. 524, 535-36 (2005)). Mere disagreement with an order is an insufficient basis for reconsideration. Nor should reconsideration be used to make new arguments or ask the Court to rethink its analysis. *See N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

In the instant case, petitioner's Rule 60(b) motion is largely a restatement of arguments previously made in his traverse. In much of petitioner's argument, he attempts to mischaracterize testimony given at trial. Petitioner claims that this Court incorrectly analyzed certain claims of the petition. Petitioner largely expresses his disagreement with the result reached by the Court, that is, the ultimate denial of his habeas petition. In making his arguments, petitioner ignores the deferential standard involved in a federal court's review of a petition filed pursuant to 28 U.S.C. § 2254. In his motion, petitioner has not identified any mistake, new evidence, intervening change in controlling law, or other factor that would require altering the Court's order of August 21, 2013, or the judgment in this case. Petitioner has failed to make an adequate showing under Rule 60(b) to justify granting his motion for relief from judgment. As such, the motion is denied.

Petitioner has also filed a request for a certificate of appealability. (ECF No. 332). In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* No reasonable jurist could conclude that this Court's order of August 21, 2013, was in error. Petitioner is not entitled to a certificate of appealability.

**IT IS THEREFORE ORDERED** that petitioner's Rule 60(b) motion for relief from judgment (ECF No. 328) is **DENIED.**

**IT IS THEREFORE ORDERED** that petitioner's request for a certificate of appealability (ECF No. 332) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court **SHALL SEND** a copy of this order to the United States Court of Appeals for the Ninth Circuit.

Dated this 2nd day of May, 2014.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE